THE STATE OF VERMONT *v.* RUFUS BUCK.

*Intoxicating Liquor. Agency. Evidence.*

If a merchant does not keep intoxicating liquor for sale at his store, but makes himself an agent and carrier merely, to procure it for division and distribution among his customers, he is guilty of a violation of the statute prohibiting the sale of intoxicating liquors.

Under a complaint for selling liquor the state or respondent may show any conversation that took place between the latter and the buyer pertaining to the transaction at the time of it.

INDICTMENT for violations of the statute prohibiting traffic in intoxicating drinks. Plea, not guilty. Trial by jury, May Term, 1864, BARRETT, J., presiding.

Upon the evidence the jury found the respondent guilty of nineteen offences. Some ten or twelve witnesses were called in behalf of the prosecution and testified, among whom was Allen Green, who testified as follows: ' " I don't recollect of buying any liquor of the respondent, nor of sending to his store for any. He delivered to me a gallon of liquor. I sent by him for it and paid for it. Don't recollect of having any liquor there more than once." Also, John Hardy, who testified as follows: " I sent by the respondent to get some liquor,—wanted some for haying. He said a number wanted some. I went with a jug, and got a gallon or two gallons. He took the jug and went out and got it. I don't recollect whether I paid him for it before he sent or after." The witnesses fixed the time of these transactions within three years. The respondent's counsel insisted that the testimony of said two witnesses did not tend to show any offences against said statute. The court held that it did, and instructed the jury that it was proper to be considered by them.

To this the respondent excepted. No other exception was taken to the charge.

It was proved that the respondent kept a store in South Reading village, at which all the liquor testified about by the witnesses was obtained.

*S. Fullam,* for the respondent.

*Charles P. Marsh,* State's Attorney, for the state.

POLAND, Ch. J. The testimony of the two witnesses, Green and

Hardy, was properly admitted and properly submitted to the jury as tending to prove violations of the statute against unlawful traffic in ardent spirits.

1st. The testimony of these witnesses tended to prove a sale of liquor by the defendant. They procured the liquor of the defendant at his place of business, and paid him for it. These were all the facts they testified to, and *prima facie*, this was a sale of the liquor by the defendant to them. All that they said about the defendant's sending for the liquor and procuring it for them as their agent, seems to have been mere talk ; they knew nothing in relation to its being sent for, or procured for them by the defendant, and for aught they knew it was the defendant's liquor they received. As this conversation accompanied the transaction of obtaining the liquor, the defendant had the right to have it received and weighed, as tending to qualify and give character to the act. But the jury might have been satisfied from the evidence of these witnesses, or other evidence or circumstances appearing in the case, that this talk about sending for the liquor for them, and acting as their agent, was all a mere pretence and sham, got up for the purpose of covering up and concealing a real sale of the defendant's own liquor. The court did not instruct the jury that the evidence of each of these witnesses, or both of them, if believed, proved an offence against the law, but only that it had a legal tendency in that direction, and was proper for them to consider.

2d. If the jury believed that the defendant was acting as the agent of these witnesses in sending for, and procuring liquor for them, then the evidence tended to prove a case of furnishing, by bringing or transporting intoxicating liquors "to be divided among, or distributed to others." Hardy testified that when he sent by the defendant to get liquor for him, the defendant said " a number wanted some."

The exceptions show that all the witnesses who testified to procuring liquor of the defendant, obtained it at his store,—his place of business.

Now if it were true that the defendant did not keep liquors for sale at his store, but made himself an agent and carrier merely, to procure it for division and distribution among his customers, this was equally a violation of the statute.

In either of the above views the evidence was proper to be submitted to the jury, and as no exception was taken to the charge, we are to assume that it was submitted with all proper explanation and limitation.

The defendant's exceptions are therefore overruled.