CHRISTOPHER GORDON AND GEORGE PARCUS v. ADDISON P. COOK.

*Trespass—Evidence as to time—Information from strangers—Conversations —Acts of ownership—Subsequent deed—Joint trespassers.*

In an action against joint defendants for a trespass committed in May there was no error in excluding a question as to whether one of the defendants was occupying the place at the time witness cut some grass there, the grass being cut in the following fall.

A plaintiff in trespass can show that he received information from a third person that the trespassers were on his land, but the testimony is admissible to show how he learned of the trespass and not as tending to show that it was committed.

In an action for trespass evidence of a previous conversation between the plaintiff and a third person, about splitting rails to fence the land was *held* admissible as tending to show acts of ownership.

A defendant in trespass was properly asked whether plaintiff had not arrested him for going on the premises at the time of the trespass, as the question and answer bore on the fact of his having committed the trespass.

The rights of a plaintiff in trespass, dependent upon his possession at the time of its commission, cannot be affected by a deed executed afterwards.

Where joint defendants were sued in trespass and one of them on direct examination testified that he was not present when the trespass was committed, but on cross-examination testified that he was, and there was no other testimony that he was not there, it was *held* that there was no contested question as to his presence for the jury.

Error to Lenawee.   Submitted Oct. 20.   Decided Oct. 27.

TRESPASS.   Defendants bring error.   Affirmed.

*Millard & Bean* for plaintiffs in error.

*Weaver & Weaver* for defendant in error.

MARSTON, C. J.   Cook brought trespass for breaking and entering a certain close.   The defendants pleaded the general issue, and gave notice that at the time the supposed

injuries were committed, the close, soil and freehold were the close, etc., of Ezra Bertram, and that they were occupying the premises by lease and license from said Bertram. The plaintiff introduced evidence tending to prove title and actual possession of the premises described, and that in the spring of 1879 the defendants had entered upon the premises and plowed a part of the same. After the evidence was all in, the court at the request of plaintiff's counsel instructed the jury, that under all the proofs in the case the plaintiff was entitled to recover a verdict for nominal damages. Counsel for defendants requested the court to instruct the jury, which was refused. The case comes here on writ of error.

It is claimed the court erred in sustaining the objection made to the question asked the witness Trumbull, "Was Parcus then occupying the place at the time you cut the grass?" The grass referred to was cut in the fall of 1879, while the trespass was in May of that year, so that an answer in the affirmative would have had no tendency to disprove plaintiff's possession at the time of the alleged trespass.

The second, third and fourth errors assigned, relate to information given Cook by Trumbull that these men were on the land plowing; to a conversation between Cook and Trumbull, in the winter previous to the trespass, about splitting rails to fence the land; and the question asked Parcus, whether he had not been arrested by Cook for going on the premises at the time of the trespass. It was competent for Cook to show how he obtained knowledge of the trespass, and for this purpose, but not as tending to prove a trespass, it was admissible; and the conversation as to splitting rails was admissible as tending to show acts of ownership; and in reference to the arrest the question and answer given tended to show that Parcus had committed a trespass upon these lands.

The defendants offered evidence tending to show that Bertram had received a conveyance of these lands, previous to the trespass, from Charles M. Croswell, who claimed title thereto under two certain tax-deeds from the State; that the

deed from Croswell to Bertram had been surrendered back to Croswell and cancelled, and another subsequent to the trespass delivered to Bertram. Bertram was afterwards recalled and asked whether he claimed title to the premises ever since he got that deed. This must have had reference to the second deed as that was the only one produced and exhibited, and as this deed was executed after the trespass what the grantee may have claimed thereunder could not affect the plaintiff's possession at the time the trespass was committed.

It is next claimed that the court erred in taking the case from the jury, because there were questions to be settled by them: *First*, was the plowing complained of the act of both defendants? The fact that Gordon was plowing upon the premises in May, 1879, the defendants did not dispute. At first there was some question whether Parcus was there. On direct examination Parcus claimed that he was not, but on cross-examination he testified distinctly that he was on the premises when the plowing was being done, and his whole testimony when taken together, in the absence of any other testimony that he was not there, leaves no contested question for the jury.

The plaintiff's possession was not seriously disputed.. The case was commenced in justice's court, and the defendants therein gave notice with their pleas that the title to the land would come in question, and thus the case was at once certified to the circuit, where the defendants sought to justify under authority from Bertram, and failed for the reason before stated.

On the whole record we do not find any error prejudicial to the rights of the defendants, and the judgment will therefore be affirmed with costs.

The other Justices concurred.