## THE PEOPLE v. HENRY KROPP.

*Selling liquor without giving bond.*

Selling a pint of liquor in a single instance without having given the bond required of liquor-sellers is a violation of How. St. § 2270, whatever be the intent of the offender as to going into the business of liquor selling.

Exceptions before judgment from Leelanaw.  (Ramsdell, J.)  Jan. 30.—Feb. 6.

Complaint for selling liquor without having given bond. Conviction affirmed.

Attorney General *Jacob J. Van Riper* for the People.

*Pratt, Hatch & Davis* for respondent appellant.

COOLEY, C. J.  The complaint in this case charges that "on the 12th day of March, A. D. 1883, at the township

of Centerville and in the county aforesaid [Leelanaw], Henry Kropp, of said township of Centerville, did sell and furnish to him, the said complainant Frank Bodus, a certain quantity, to-wit, one pint of spirituous liquor as a beverage, without first having executed and•delivered to the county treasurer of said Leelanaw county the bond required by section nine (9) of Act No. 259 of the Public Acts of Michigan for the year 1881, contrary to the form of the statute in such case made and provided." The respondent pleaded not guilty to this complaint, and on trial was convicted. The proof was that he made sale of a single pint of spirituous liquor as charged. There was no showing that he was engaged in the business of selling spirituous or other liquors, except the sale which has been mentioned.

The statute provides-"that it shall not be lawful for any person except druggists to sell, furnish to, or give any spirituous, malt, brewed, fermented, or vinous liquors, or any beverage, liquor or liquids, containing any spirituous, malt, brewed, fermented, or vinous liquors, without first having executed and delivered to the county treasurer of the county in which such business is proposed to be prosecuted or carried on, the bond required by section nine of this Act." How: St. § 2270. The bond referred to is the bond required to be given by dealers, and approved by the proper public authorities. Another section imposes a penalty for the violation of the section above recited.

It is contended for the respondent-that the statute applies only to persons engaged in the sale of spirituous and other liquors as a business; and that the complaint is fatally defective for not showing that the respondent was such a person. And further, that even if the complaint is sufficient the offense is not made out without evidence that respondent was so engaged in business. This view of the statute was presented in the circuit court and was overruled.

We think the circuit court ruled correctly. The statute punishes single sales by those who have failed to give the required bond, and the offense is made out by proof of the sale and by the fact that the bond has not been given.

There is perhaps an assumption in the statute that a party does not sell unless he purposes to make such sales his business, but his intent in that regard is not made an ingredient in the offense, and does not become the subject of evidence.

The conviction is affirmed.

The other Justices concurred.