## THE PEOPLE v. WILLIAM TELFORD.

*Selling liquor without keeping tax-receipt posted—Pleading.*

1. Courts take judicial notice of municipalities within their jurisdiction, and the objection that the name of the county has been left out of the venue of a complaint, cannot, if it has any merit at all, be raised for the first time on appeal from a justice, if the complaint states that the offense was committed at a specified place that is in fact within the county.

2. A complaint for selling liquor without having the liquor-tax receipt posted in view is sufficiently specific in identifying respondent as a dealer, if it describes him as "a person then and there engaged in the business of selling and offering and keeping for sale spirituous and intoxicating liquors;" it need not set forth the specific acts for the purpose of showing him to be a dealer. But as druggists are not required to keep such receipt posted, it must aver that he is not a druggist selling for chemical, scientific, medicinal or sacramental purposes only; and if it does not so aver it is fatally defective.

3. Where a statute creating an office makes an exception to its operation, a complaint thereunder must show upon its face that the accused does not fall within the exception.

Exceptions from Ingham. (Gridley, J.) April 22.—
April 29.

Complaint for unlawful sale of liquor. Respondent was convicted. Reversed.

Attorney General *Moses Taggart* and Prosecuting Attorney *Jason E. Nichols* for the People.

*Ray Hewlett* and *Grove H. Wolcott* for respondent. An allegation that a person was then and there engaged in the business of selling and offering and keeping for sale spirituous and intoxicating liquors, etc., is a conclusion, and not a statement of facts which would constitute the defendant a dealer under the terms of the act: *People v. Minnock* 52 Mich. 628; *People v. Heffron* 53 Mich. 527; if there is an exception contained in the clause of the act which declares the offense, the complaint must show negatively that the defendant does not come within the exception: *Commonwealth v. Maxwell* 2 Pick. 139; *Jansen v. State* 53 Mich. 427.

CHAMPLIN, J. A complaint was lodged before a justice of the peace against the respondent, charging that on the 4th day of July, 1882, at the village of Dansville, the respondent was then and there a person whose business, in part, consisted in selling and keeping for sale distilled liquors, to wit, whisky and gin, at retail, and was then and there engaged in the business of selling and offering and keeping for sale spirituous and intoxicating liquors (not proprietary patent medicine) by retail, to wit, whisky and gin, without having paid in full or in part the tax required by law to be paid upon the business, and keeping for sale spirituous and intoxicating liquors at retail, and without having the receipt and notice for such tax posted up as required by law, contrary to the form of the statute, etc. The justice issued a warrant reciting the complaint, and commanded the sheriff or any constable of the county of Ingham, to arrest the respondent and bring him before the justice to be dealt with according to law. A trial before a jury resulted in his conviction. He appealed, and the case came on for trial in the circuit court for the county

of Ingham before a jury, whereupon, at the outset, it was conceded by the counsel for the respondent that the respondent had paid no tax and given no bond. After a witness was sworn, but before any testimony was given by him, the counsel for the respondent objected to any testimony being given under the complaint. The objection was based upon the fact that in the complaint the name of the county was left blank in the venue, and hence the respondent claimed that there was no place named in the complaint where the offense was committed, within the jurisdiction of the court. The warrant described the offense as having been committed at the village of Dansville, in the county of Ingham. The objection was not taken before the justice, and if there was any merit in the point it was too late to raise it for the first time on the trial at the circuit. Courts take judicial notice of municipalities within their jurisdiction, and the justice was warranted in taking such notice that the village of Dansville was in Ingham county, and the same may be said of the circuit court when the objection was raised there.

The court very properly overruled the objection, and the trial proceeded. Evidence was introduced of respondent's keeping a hotel and selling whisky and gin. Counsel for respondent claims that the complaint fails to set forth any specific act of selling, and that the allegation that a person was then and there engaged in the business of selling and offering and keeping for sale spirituous and intoxicating liquors, etc., is a conclusion and not a statement of facts which would constitute the respondent a dealer under the terms of the act. We are of opinion that the complaint was sufficiently specific. It described the offense substantially in the language of the statute (How. Stat. §§ 1281, 1285, 1286), but it is fatally defective in not averring that respondent was not a druggist who sells liquor for chemical, scientific, medicinal, or sacramental purposes only. The statute requires a tax to be paid annually upon the business of manufacturing, selling or keeping for sale by all persons whose business in whole or in part consists in selling or keeping for sale or manufacturing distilled or malt liquors, or mixed liquors.

How. Stat. § 1281. It also requires the person paying the tax to keep at all times posted up a notice containing a statement of what tax has been paid by the holder of said notice, etc. § 1285. The statute then enacts that "if any person or persons shall engage or be engaged in any business requiring the payment of a tax under section one of this act" (How. Stat. § 1281), "without having paid in full the tax required by this act, and without having the receipt and notice for such tax posted up as required by this act, or shall in any manner violate any of the provisions of this act, such person or persons shall be deemed guilty of a misdemeanor," etc. § 1286. But these provisions are controlled by a clause of § 1282, as follows: "The provisions of this act shall not apply to druggists who sell liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only, and in strict compliance with law," provided he has given the bond required by the statute. This is in the nature of an exception, and by the well-recognized rules of pleading the person complained against should be shown upon the face of the complaint not to be within the exception. The law presumes every one to be a law-abiding person, and there is nothing upon the face of the complaint which shows that respondent was not a druggist, and of right authorized to engage in the business of selling or keeping for sale intoxicating liquors for the purposes allowed by the act.

For this reason the conviction must be set aside and the proceedings quashed.

The other Justices concurred.