## THE PEOPLE v. PETER BREIDENSTEIN.

65   65
74   35

*Liquor traffic—Complaint for engaging in business without payment of tax—Requisites to conviction.*

1. Under How. Stat. § 2270, a penalty is incurred if liquor is *sold* or *given away* without first executing and delivering to the county treasurer the bond required by the statute, and, in order to a conviction, such *sale* or *gift* must be shown.

2. How. Stat. §§ 1281, 1286, taxes the *business* of liquor selling, and imposes a penalty for carrying on such *business* without the payment of the required tax, and posting of the required notice in the place where such *business* is carried on; and in a prosecution for a violation of *these* provisions, proof of *specific* sales is not required.

Exceptions before judgment from Kent. (Montgomery, J.)   Argued January 27, 1887.   Decided February 10, 1887.

Respondent was convicted of doing business as a liquor dealer without payment of special tax, etc.   Conviction affirmed and judgment ordered.   The facts are stated in the opinion.

*Emil A. Dapper*, for respondent.

*Moses Taggart*, Attorney General, for the People.

SHERWOOD, J.   The respondent was arrested, tried, and convicted of doing business as a liquor seller without first having paid the tax required by law for that purpose, and without having the receipt for such payment and notice posted up in the place where the liquors were kept for sale.   The proceedings and conviction were had before Judge Holmes in the police court in the city of Grand Rapids.   Respondent appealed to the circuit court, where the cause was tried before Judge Montgomery, by jury, and the respondent was

again convicted, and he now asks a review of the case in this Court.

The complaint upon which the warrant issued was full and specific in its statement of the offense charged, the substance of which was recited in the warrant, which reads as follows:

"STATE OF MICHIGAN, } ss.
*City of Grand Rapids, County of Kent.*

" Whereas, John Perry hath this day made complaint on oath and in writing to me, John T. Holmes, judge of the police court of Grand Rapids, in the said county, that heretofore, to wit, on the twenty-ninth day of July, A. D. 1886, at the city of Grand Rapids, in the aforesaid county, one Peter Breidenstein, he not being then and there a druggist, who sells liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only, was then and there engaged in the business of selling and offering for sale malt, brewed, and fermented liquors without first having paid to the county treasurer of said county of Kent the annual tax required by law to be paid, to wit, the sum of two hundred dollars, and without having the receipt and notice for such tax posted up in the place where said liquors were kept for sale, against the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan;

" And whereas, on examination on oath and in writing of the said complainant by me, the said judge, it appears to me, the said judge, that said offense has been committed, and there is just cause to believe the said accused party to have been guilty thereof:

" Therefore, in the name of the people of the State of Michigan, you, and each of you, are hereby commanded forthwith to take the said accused party, and bring him before the said police court, at the police court room of the police court of said city, to be dealt with according to law.

" Witness, the honorable John T. Holmes, judge of the police court of Grand Rapids, and the seal of said court, at the city of Grand Rapids, this thirtieth day of July, in the year of our Lord 1886.

"JOHN T. HOLMES,     [Seal.]
" Judge of the Police Court of Grand Rapids."

The return made to the circuit court does not show any

motion made by respondent or his attorney, on being arraigned in the police court, to quash the proceedings, but shows that the respondent pleaded to the charge contained in the warrant, "Not guilty." But in an affidavit made, and returned with the record, it appears that, upon being arraigned before the court upon the warrant, and asked to plead, the attorney for respondent moved to quash the proceedings on the ground "that the complaint did not allege any specific sale to any person or persons, and was therefore void," and that the police court overruled the motion. When the cause was called for trial in the circuit court, respondent's counsel renewed said motion upon the same grounds, and with the same result; and this ruling constitutes the only error assigned in the record.

It is claimed that the offense created by the statute "does not consist in engaging in the business, but the act of selling, furnishing, or giving; and it is necessary to allege some specific act of selling, etc., to some person;" and reliance is placed upon *People v. Minnock*, 52 Mich. 628, and *People v. Heffron*, 53 Id. 530, to support the position.

The prosecution in the cases cited was under another and different statute. How. Stat. § 2270. Under that statute the penalty is incurred if liquor is sold or given away without first giving the bond to the county treasurer required by statute.

The complaint in this case is based upon How. Stat. §§ 1281, 1286. It is the *business* which the party carries on under *these* sections that is taxed, and the penalty incurred under these sections is for carrying on the business of selling, or offering for sale, malt, brewed, and fermented liquors without having first paid the annual tax therefor, and posted the notice in the place of business as required by law. Under the first statute, before conviction can be had, a *sale* or *giving away* of intoxicating liquors must be shown; but under the sections applicable to the *present* case, no such

*specific* sale or giving away is necessary to constitute the offense.   *People v. Telford*, 56 Mich. 541.

We think the ruling of the circuit judge was correct in the premises, and he is advised to proceed to judgment in the case.

The other Justices concurred.