THE PEOPLE v. ANTOINE PAQUIN.

*Liquor traffic—Selling liquor without paying tax—Information—Evidence.*

1. An information charging the respondent with engaging in the business of selling and offering for sale spirituous and intoxicating liquors, without having paid to the treasurer of the proper county the annual tax required by law to be paid, and without having the receipt and notice for such tax posted up in the place where such liquors were kept for sale, he not then and there being a druggist who sells liquor for chemical, scien-

tific, medicinal, or sacramental purposes only, sufficiently charges an offense under Act No. 313, Laws of 1887, § 7, and charges but a *single* offense.

2. A deputy county treasurer may testify orally to the non-payment of a liquor tax, the treasurer not being required to keep a record of those who pay, but merely to report to the county clerk at the end of each month the name of each person paying such tax during the preceding month.

Exceptions before judgment from Mackinac. (Steere, J.) Argued January 29, 1889. Decided February 8, 1889.

Respondent was convicted of selling liquor without having paid tax, etc. Conviction affirmed. The facts are stated in the opinion.

*Brown & Packard,* for respondent.

*S. V. R. Trowbridge,* Attorney General, and *Henry Hoffman,* Prosecuting Attorney, for the people.

CHAMPLIN, J. Defendant was charged and convicted of the offense of engaging in the business of selling and offering for sale spirituous and intoxicating liquors, without having first paid to the treasurer of the county the annual tax required by law to be paid, and without having the receipt and notice for such tax posted up in the place where such liquors were kept for sale; he not then and there being a druggist who sells liquor for chemical, scientific, medicinal, or sacramental purposes only.'

Objection was made in the court below that there was no offense charged in the information "known to the law." There was no demurrer interposed to the information, but the objection was raised the first time after a plea of not guilty, and after a jury had been impaneled and a witness sworn. There is no merit in the objection. The offense is charged in the language of the statute. *People v. Breidenstein,* 65 Mich. 65 (31 N. W. Rep. 623.)

Another objection is raised in this Court for the first time, that the information charges in one count two distinct offenses, viz.: Engaging in the business of selling intoxicating liquors without payment of the tax, and also engaging in such business without having the receipt and notice for such tax posted up in the place where such liquors were kept for sale. This objection is also untenable. Under the provisions of section 7, Act No. 313, Laws of 1887, the information charges but a single offense.

In permitting the deputy county treasurer to testify orally that defendant had not paid the tax required by the law, the rule of evidence requiring the production of the best evidence to substantiate the fact was not violated. The fact to be proved was the non-payment of the tax. The best evidence that defendant had not paid it was the testimony of the officer to whom the law required it should be paid. The county treasurer is not required to keep a record of those who pay. He is merely required to report to the county clerk at the end of each month the name of each person paying a tax during said month. The absence of defendant's name upon such report would at most be only presumptive evidence that the tax had not been paid at the end of the preceding month, and no evidence at all that he had not paid it between the end of the month and the date charged in the information.

The charge of the court fully covered the law of the case, and the facts fully warranted the verdict of the jury, and the court below is advised to proceed to judgment.

The other Justices concurred.