79 317
79 457

79 317
d122 124
79 317
136 167

———————◆———————

## The People v. Daniel E. Pendleton.

*Criminal law—Carrying concealed weapons—Exception in enacting clause of statute—Pleading and proof.*

In a prosecution for a violation of Act No. 129, Laws of 1887, prohibiting the carrying of concealed weapons by any person "*except* officers of the peace and night-watches," it is necessary to negative the exception in the pleading, and by proof on the trial, to warrant a conviction. *People v. Telford*, 56 Mich. 541; *People v. Phippin*, 70 Id. 6.

Error to Newaygo. (Palmer, J.) Argued January 23, 1890. Decided January 24, 1890.

Respondent was convicted of carrying concealed weapons in violation of Act No. 129, Laws of 1887. Conviction reversed, and respondent discharged. The facts are stated in the opinion.

*M. W. Underwood*, for respondent, contended:

1. When a certain class of persons are by the statute exempt from its provisions, a person charged with its violation must be alleged not to be within such exception, or the complaint is void on its face; citing *People v. Telford*, 56 Mich. 541; and the proof must support such allegation, unless possibly in some peculiar cases where its truth might be presumed, or the burden of proving it thrown upon the defendant; citing *Shannon v. People*, 5 Mich. 81.

2. When the means of proving the facts are equally within the control of each party, the burden is upon the party averring the negative; citing *Railroad Co. v. Bacon*, 30 Ill. 347; *Goodwin v. Smith*, 72 Ind. 113.

*S. V. R. Trowbridge*, Attorney General, and *George Luton*, Prosecuting Attorney, for the people (brief by Mr. Luton), contended:

1. The *gravamen* of the offense in this case is the fact of carrying the concealed weapon, and the question of license to do so forms no part of the offense, but is purely a matter of defense; citing 1 Greenl. Ev. § 79; and the English authorities under this section seem to establish the correctness of the rule as stated.

2. In addition to the references as given, counsel cited *Potter v. Deyo*, 19 Wend. 361; *Sheldon v. Clark*, 1 Johns. 514; and this Court, it would seem, has settled the rule of evidence in this State; citing *Smith v. Adrian*, 1 Mich. (ann. ed.) 495, and cases cited.

LONG, J. Defendant was prosecuted and convicted before a justice of the peace under a complaint which charges—

"That heretofore, to wit, on the 22d day of June, 1889, at the township of Ashland, in said county, Daniel E. Pendleton, late of said county, not being an officer of the peace or a night-watch, legitimately employed as such, did carry concealed about his person a fire-arm called a 'revolver,' which then and there was a dangerous weapon, against the form of the statute," etc.

The cause was tried before a jury, and, after conviction, defendant was adjudged to pay a fine of $50 within 24 hours, and in default thereof be confined in the common jail of Newaygo county for the period of 3 months.

The proceedings were had under the provisions of Act No. 129, Laws of 1887, entitled—

"An act to prevent the carrying of concealed weapons, and to provide punishment therefor."

Section 1 reads as follows:

"*The People of the State of Michigan enact:* That it

shall be unlawful for any person, except officers of the peace and night-watches, legitimately employed as such, to go armed with a dirk, dagger, sword, pistol, air-gun, stiletto, metallic knuckles, pocket billy, sandbag, skull-cracker, sling-shot, razor, or other offensive and danger-ous weapon or instrument concealed upon his person."

Section 2 prescribes the punishment, upon conviction, for such offense.

Defendant removed the cause to the circuit court for Newaygo county by *certiorari*, where the judgment was affirmed. The allegations of error in the affidavit for the writ of *certiorari* are:

1. Because the act under which the prosecution was had is unconstitutional and void.

2. Because no testimony was introduced on the part of the people which tended to show that defendant was not within the exception mentioned in said act.

3. Because there was no evidence to support the ver-dict.

The cause comes to this Court by writ of error. On the hearing here, counsel for the respondent waived the first point made, and relied solely upon the second and third allegations of error.

It appears from the justice's return to the writ that evidence was offered tending to show that the defendant carried concealed weapons within the meaning of this statute, but the justice further returns as follows:

"No testimony was introduced on the part of the prosecution tending to show that defendant was not an officer of the peace or night-watch, legitimately employed as such; and counsel for defendant objected to the ver-dict of the jury on that ground."

The prosecuting attorney of the county of Newaygo presented the case for the people here, and claims that it was not incumbent on the people to prove this nega-tive averment, to sustain the conviction. In this he is in error. The rule of pleading a statute which contains

exceptions in the enacting clause is that the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause or a subsequent statute, that is matter of defense, and is to be shown by the other party. *Com. v. Hart*, 11 Cush. 134. It is said in *Territory v. Scott*, 2 Dak. 214 (6 N. W. Rep. 435), that the reason of the rule is obvious, and is simply this: Unless the exception in the enacting clause of a statute, or in the general clause in a contract, is negatived in pleading the clause, no offense or no cause of action appears in the indictment or declaration, when compared with the statute or contract. This rule was followed in *People v. Telford*, 56 Mich. 541 (23 N. W. Rep. 213). The rule as above stated was also recognized in *People v. Phippin*, 70 Mich. 6 (37 N. W. Rep. 888).

Here the negative is within the enacting clause. It was therefore not only necessary to plead this negative averment, but to prove it as well, to warrant the conviction. This the prosecution failed to do; and their proofs, therefore, fell short of that necessary to warrant a conviction under this statute.

The judgment of the circuit and justice's courts must be reversed and held void, and the defendant discharged.

The other Justices concurred.