| 122 | 123 |
| f135 | 511 |

## PEOPLE *v.* ALLEN.

STATUTORY OFFENSES—COMPLAINT—NEGATIVING EXEMPTION.

A complaint for a violation of Act No. 63, Pub. Acts 1893, § 1, making it unlawful for any person to practice dentistry unless he has received a certificate from the State board of examiners, "provided," that the act shall not apply to "any person who is now located and lawfully in actual practice" in the State, need not negative the exemption contained in the proviso.

Exceptions before judgment from Kent; Adsit, J. Submitted October 26, 1899. Decided December 2, 1899.

Walter L. Allen was convicted of illegally practicing dentistry. Affirmed.

*Dunham & Dunham,* for appellant.

*Horace M. Oren,* Attorney General, and *Frank A. Rodgers,* Prosecuting Attorney (*Rodgers, McDonald & Minor,* of counsel), for the people.

HOOKER, J.    Section 1, Act No. 63, Pub. Acts 1893, provides:

"It shall hereafter be unlawful for any person to practice dentistry in this State unless such person has received a certificate of qualification from the board of examiners provided by this act: *Provided*, that the provisions of this act shall in no way apply to or affect any person who is now located and lawfully in actual practice in this State."

The defendant was prosecuted under a complaint based upon this section, which contained no allegation that he was not, at the time of the passage of said law, "located and lawfully in actual practice in this State." It is contended that the conviction cannot be sustained, under the cases of *People* v. *Telford*, 56 Mich. 541; *People* v. *Pendleton*, 79 Mich. 317; *People* v. *Haas*, Id. 449. Those were cases where it was necessary to plead exceptions contained in the enacting clause or statute. This is a case where the defendant may have been within an exemption contained in a proviso. The distinction is pointed out in the early case of *Myers* v. *Carr*, 12 Mich. 71, and recognized and applied in many later cases. *Lynch* v. *People*, 16 Mich. 472; *People* v. *Richmond*, 59 Mich. 570; *People* v. *Phippin*, 70 Mich. 6; *People* v. *Pendleton*, 79 Mich. 317; *People* v. *Curtis*, 95 Mich. 212. See, also, *Attorney General* v. *Oakland County Bank*, Walk. Ch. 90.

Several questions are raised upon the introduction of evidence. Our examination has convinced us that they are without merit, and the testimony admitted was so obviously pertinent that we think it unnecessary to discuss them.

The conviction is affirmed.

The other Justices concurred.