PEOPLE v. JOURNEAU.

INTOXICATING LIQUORS—OFFENSES—PROSECUTION—QUESTION FOR
JURY.

On a prosecution for selling liquor without a license, it
appeared that respondent kept a restaurant next to a saloon,
in which respondent had no interest, and that respondent,
with money given her for such purpose by customers, pur-
chased liquor at the saloon, and gave it to the customers,
who drank it in the restaurant. It appeared that respondent
made no profit out of the transactions, and made no attempt
to conceal them. *Held*, that the question whether respond-
ent acted in good faith as an intermediary for her customers,
or whether her conduct was a mere subterfuge, warranting
her conviction, was one for the jury.

Error to Wexford; Chittenden, J. Submitted Janu-
ary 24, 1907. (Docket No. 27.) Decided March 12,
1907.

Mrs. Joseph Journeau was convicted of violating the
liquor law. Reversed.

Respondent was charged with having been engaged, at
a time stated and in a place described in the information,
in the business of selling, and keeping for sale, malt, etc.,
liquors, at retail, without having paid the tax upon such
business or having the receipt for such payment posted
up. 2 Comp. Laws, § 5385. The jury by direction of
the court returned a verdict of guilty. Respondent kept
a restaurant at the place described in the information.
Next door to her place of business was a saloon. There
was no immediate connection between the two buildings,
and no door or other opening from one into the other.
Respondent had no proprietary or other interest in the
saloon or the business there conducted. Testimony for
the people, not disputed, tended to prove that on Decem-

ber 27, 1905, the respondent, with money given to her for that purpose by customers, purchased at the saloon and paid for five pint bottles of beer, which her said patrons, a man, a woman, and her daughter, served to themselves and drank at her table. Respondent admitted that she had at other times,. occasionally, at the request of patrons, procured for them at this saloon, with money furnished by them, beer which was drunk in her place of business. Her testimony, undisputed, tends to prove that in procuring the beer she passed from the back door of her establishment to the back door of the saloon, procured the beer, paid the usual retail price therefor, made no profit out of such transactions, had no interest in the business carried on in the saloon, and no arrangement by which she received anything by way of commission or otherwise upon purchases so made by her. There was no secrecy. Her table where the beer was drunk was near the front window, which had no curtain. She never sold any beer in her place, and procured it only as an accommodation.

*Sawyer & Yearnd*, for appellant.

*Fred C. Wetmore*, Prosecuting Attorney, for the people.

OSTRANDER, J. ( *after stating the facts* ). The reasoning of the opinion in *People* v. *Soule*, 74 Mich. 250 (2 L. R. A. 494), in which it was determined that a social club was engaged in the business of selling liquor within the meaning of the statute, is that the liquors purchased and kept by the club were, before being given to members of the club, the property of the corporation, and, when passed to the member and paid for by him, became his property, the transaction amounting to a sale and delivery of the liquor by the owner and a purchase of it by the member. This is also the reasoning of the opinions referred to and relied upon in that case.

Plainly, the conduct of the respondent in the case at bar may have been innocent and she a mere errand doer

for others; and *People* v. *Soule*, supra, is authority for the proposition that a mere agent in procuring liquor is not a seller, and his acts as agent would not amount in law, as they did not in fact, to engaging in the business of selling liquor. Whether in a given case the respondent has acted as a mere intermediary of the buyer, or, in fact, as seller, must be determined from the whole evidence (Black on Intoxicating Liquors, § 408), and is usually a question for a jury. The evidence did not warrant the court in directing the verdict. *Campbell* v. *State*, 79 Ala. 271; *White* v. *State*, 93 Ga. 47; *Com.* v. *Smith*, 102 Mass. 144.

*State* v. *Buck*, 37 Vt. 657, cited by counsel for the people, arose under a prohibitory liquor law.

The case should have been submitted to the jury with instructions that if respondent was, in good faith, acting occasionally as an intermediary for her patrons, the buyers of the liquor, she should be acquitted. If her conduct, in view of all the evidence, was a mere subterfuge, and it was a part of her business to sell liquor to those who came to her place for liquor, she should be convicted.

The conviction is set aside, the record remanded, and a new trial ordered.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.