PEOPLE *v.* THOMPSON.

1. INDICTMENT   AND   INFORMATION — STATUTES — INTOXICATING
   LIQUORS.
   It is sufficient that an indictment for selling intoxicants to a
   minor charges the offense in the language of 2 Comp. Laws,
   § 5391, without alleging that the respondent was at the time
   engaged in the business of selling malt, brewed and intoxi-
   cating liquors.

2. INTOXICATING LIQUORS — CRIMINAL LAW — ENGAGING IN BUSI-
   NESS—WORDS AND PHRASES.
   A single sale of intoxicating liquors constitutes engaging in
   the business.

3. CONSTITUTIONAL LAW—STATUTES.
   Section 13, Act No. 313, Pub. Acts 1887, is not amended by Act
   No. 291, Pub. Acts 1909, so as to increase the penalty after the
   commission of an offense. *People* v. *Schoenberg, ante,* 88
   (125 N. W. 779).

4. STATUTORY CONSTRUCTION—REPEAL BY IMPLICATION.
   If two statutes can be given full effect without conflicting
   with each other, or if the later act is merely affirmative, cu-
   mulative, or auxiliary and not inconsistent with the other, the
   repeal of the original by the later act is not implied.

5. SAME—PRESUMPTIONS.
   Unless the intent to repeal is clear, no presumption exists that
   the legislature intended to repeal an act to which no refer-
   ence is made in a later enactment.

6. INTOXICATING LIQUORS—STATUTES—MINORS.
   Act No. 160, Pub. Acts 1909, in forbidding sales of liquor to
   minors as a beverage, does not by implication repeal section 13,
   Act No. 313, Pub. Acts 1887, which prohibits selling liquors to
   any minor for any purpose.

7. SAME—STATUTES—CONSISTENCY.
   In so far as Act No. 160, Pub. Acts 1909, is inconsistent with
   Act No. 291, Pub. Acts 1909 (the Warner-Cramton act) the
   later statute must prevail.

8. TRIAL—CURING ERROR.
    The admission in evidence of the birth record of a person
        bearing a different name from that of the person whose birth
        it was material to show, is cured by charging the jury that
        the evidence was improperly received and should not be con-
        sidered.

9. CRIMINAL LAW—CHARGE TO JURY—FELONIOUS INTENT.
    Prejudicial error is not committed by the trial court in charg-
        ing the jury that if the respondent sold intoxicating liquors
        to a minor, "the law presumes he did it with a felonious in-
        tent to violate the law;" although the act does not, under
        statute, amount to a felony.

Exceptions before judgment from Shiawassee; Miner,
J. Submitted April 21, 1910. (Docket No. 135.) De-
cided May 7, 1910.

Delbert Thompson was convicted of selling liquor to a
minor. Affirmed.

*Odell Chapman* and *Austin E. Richards*, for defend-
ant.

*Byron P. Hicks*, Prosecuting Attorney, for the people.

STONE, J. The information in this cause was as fol-
lows:

"STATE OF MICHIGAN.
"The Circuit Court for the County of Shiawassee.
"County of Shiawassee—ss. :
"Byron P. Hicks, prosecuting attorney for said county,
for and in behalf of the people of the State of Michigan,
comes into said court in the May, A. D. 1909, term there-
of, and gives it here to understand and be informed that
Adelbert Thompson, late of the village of Laingsburg, in
the county of Shiawassee and State of Michigan, hereto-
fore, to wit, on the 16th day of February in the year one
thousand nine hundred and nine, at the village of Laings-
burg in said Shiawassee county, did then and there un-
lawfully sell to one Benjamin Lingo, who was then and
there a minor under the age of 21 years, to wit, of the
age of 17 years, a large quantity, to wit, three pint glasses
of certain malt, brewed, and fermented liquor, called beer,

being an intoxicating liquor, and the said Adelbert Thompson was not then and there a druggist, who sells liquor for chemical, scientific, medicinal, mechanical, or sacramental purposes only, nor a person whose business consists in whole or in part of the sale of drugs and medicines. Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.

"BYRON P. HICKS,
" Prosecuting Attorney for the County of Shiawassee.
" [ Jurat. ]"

The respondent was arraigned at the May, 1909, term of the circuit court, and, standing mute, a plea of not guilty was entered by order of the court. Subsequently, at the September, 1909, term of the court, which seems to have been held after September 20th, the respondent was permitted to withdraw his plea, and a motion to quash the information was made upon the following grounds:

(1) For the reason that the information states no criminal offense under section 5391, 2 Comp. Laws, because it does not state that the respondent, at the time it is claimed he gave the liquor to the infant, was engaged in the business of selling malt, brewed, fermented, spirituous, and intoxicating liquors.

(2) For the reason that Act No. 291, Pub. Acts 1909, amends the old liquor law in such a manner as to increase, and impose upon those who violate the law, and those who may, prior to the taking effect of Act No. 291, have violated the law, further, different, and heavier penalties than those imposed by the law as it stood at the time of the alleged commission of the offense.

(3) That Act No. 160, Pub. Acts 1909, repeals Act No. 313, Pub. Acts 1887, which includes section 5391, 2 Comp. Laws. That said Act No. 160 contains no saving clause, and the alleged offense having been committed, if at all, before the taking effect of said Act No. 160, this prosecution cannot be maintained.

The said motion was overruled, and respondent duly excepted. The trial proceeded, and resulted in the conviction of the respondent by a jury, and the case is brought here upon exceptions before sentence.

The first four assignments of error relate to the action

of the court in overruling the motion to quash the information. We shall proceed to notice them in their order.

1. The information follows substantially the form contained in Tiffany's Criminal Law (see Howell's Fourth Edition, p. 1095), which is in accordance with the practice in this State since the passage of the act. It states the facts necessary to constitute an offense under this section of the statute, and also negatives all exceptions contained in the section. In other words, it charges the offense in the language of the statute, and that is all that is necessary. Tiffany's Criminal Law, p. 466; *People v. Curtis*, 95 Mich. 212 (54 N. W. 767, 95 Am. St. Rep. 404); *People v. Allen*, 122 Mich. 123 (80 N. W. 991). The cases cited by respondent's counsel, namely, *People v. Soule*, 47 Mich. 250 (41 N. W. 908, 2 L. R. A. 494), and *People v. Journeau*, 147 Mich. 520 (111 N. W. 95), do not relate to this section of the statute, and do not govern this question. The information in this case charges a sale of intoxicating liquors, and this court held, in *People v. Kropp*, 52 Mich. 582 (18 N. W. 368), that a single sale constituted engaging in the business within the meaning of the act then in force. We think that the learned circuit judge ruled correctly upon this point.

2. The second objection is fully answered by the recent case of *People v. Schoenberg, ante,* 88 (125 N. W. 779). While Act No. 291, Pub. Acts 1909, amends certain sections of the law of 1887, section 13 of the latter act, being the one in question, is not amended or changed at all. There is no merit in this objection.

3. It is further urged that Act No. 160, Pub. Acts 1909, repeals the act of 1887 (2 Comp. Laws, § 5379 *et seq.*) including the section in question. While section 13 of the act of 1887 makes it an offense to sell, furnish, or give to any minor, certain enumerated liquors for *any purpose,* it will be noted that said Act No. 160 confines the offense to selling, furnishing or giving liquors to any minor "*as a beverage.*" These qualifying words are in each section of the act. There is no repealing clause in the act. It

stands as an independent enactment. If there is a repeal, it is by implication.

Repeals by implication are not favored. They are never permitted if they can be avoided by any reasonable construction of the statute. If both acts can be given full force without conflicting with each other, or if the later act is merely affirmative, or cumulative, or auxiliary, and not inconsistent, both must stand. *People* v. *Hanrahan*, 75 Mich. 611 (42 N. W. 1124, 4 L. R. A. 751) ; *Tillotson* v. *City of Saginaw*, 94 Mich. 240 (54 N. W. 162). It cannot be presumed that the legislature intended to repeal a law when no reference is made to it in the later act, unless the intent is clear. *In re Bushey*, 105 Mich. 64 (62 N. W. 1036); *People* v. *Gustin*, 57 Mich. 407 (24 N. W. 156). We think that both provisions may stand, as not inconsistent.

We have already shown that section 13 of the act of 1887 is left in full force by Act No. 291, Pub. Acts 1909, known as the Warner-Cramton act. This latter act was approved June 2, 1909, while Act No. 160 was approved May 26, 1909. The Warner-Cramton act is therefore the later expression of the legislative will; and, if there is any inconsistency, the later act must govern. So in any view of the case the ruling of the circuit judge was correct.

The next 13 assignments of error all relate to the rulings of the court in receiving and rejecting evidence. We have examined the record carefully, and we are of opinion that none of these assignments, except the fourteenth, merits any discussion.

Benjamin Lingo was the young man to whom it was claimed the liquor had been sold by the respondent. The age of this Benjamin Lingo became material. His mother testified upon the subject, and referred to the date of his birth in connection with the birth of an older brother, Robert. The record of the birth of Robert Lingle was received in evidence over the objection and exception of respondent. The fact that the name was Lingle in the rec-

ord instead of Lingo seems to have escaped the attention of the court until the charge to the jury. In speaking upon the subject of the age of Benjamin Lingo, the court said:

"Now, gentlemen, in determining what was the age of Mr. Lingo at that time, you are to take all the evidence in the case into consideration. There has been some record evidence given here in regard to the birth of a Robert Lingo. Now, at the time that this was introduced, my attention was not called—at least if it was, I did not so understand it—that the name was not the same, that the name was not Lingo. It seems to be Robert Lingle, and for that reason I think it is my duty to say to you that the evidence is not proper in this case, and it may be stricken out. That is, the evidence given in regard to the birth, page 188 being 2577, and you are not to consider it, for the reason it does not appear to have been Robert Lingo. And there is no evidence here to show it meant any other person except the one it states."

It appears that this record was by the court fully withdrawn from the consideration of the jury, and that the error in admitting it, in the first instance, was fully cured by the charge.

The remaining assignments of error relate to the charge of the court, and the refusal to charge as requested. We have examined the charge, and it seems to have covered the case fully, and to have fairly presented the questions involved to the jury. The following language is complained of:

"So I say to you, gentlemen, if you should find at that time that the respondent in this case sold him intoxicating liquors on the 16th day of February, 1909, and at that time Mr. Lingo was not 21 years of age, then the law presumes that he did it with a felonious intent to violate the law. Those facts create a *prima facie* case against the respondent."

The use of the word "felonious" is complained of. In the same connection the court called attention to the language of the section and said:

"The fact of selling or giving or furnishing any liquid,

in any place where intoxicating liquors are sold or kept for sale, to any minor, shall be *prima facie* evidence of an intent on the part of the person so selling, giving, or furnishing such liquor to violate the law."

We think that the jury were not misled by the use of the word complained of, and that it cannot be said that the jury were given to understand that the respondent was charged with a felony. We are unable to see wherein the respondent was prejudiced by the language used. While the court did not give respondent's requests to charge, it did give the substance thereof in its own language, fully covering the matters of the burden of proof, presumption of innocence, reasonable doubt, and particularly called attention to the language of the statute, as indicated above.

We find no error in the record. The conviction of the respondent is affirmed, and the circuit court is directed to proceed to sentence.

OSTRANDER, HOOKER, MOORE, and BLAIR, JJ., concurred.