THE PEOPLE v. JOHN P. HUGHES AND WILLIAM
                        McMANUS.

*Criminal law—Liquor traffic—Minor in saloon—Acts of clerk or
                        agent.*

1. It was evidently the intention of the Legislature, by the provisions of section 14 of Act No. 313, Laws of 1887 (3 How. Stat. § 2283*d* 7), to make the proprietor or keeper of a saloon liable for the acts of his clerk or agent in permitting any student in attendance at any public or private institution of learning in this State, or any minor, to play at cards, etc., in said saloon; but whether such proprietor or keeper can be made liable in a *criminal* prosecution for such act committed in his absence is not decided.

2. The omission of the words " clerk or agent " from section 15 of Act No. 313, Laws of 1887 (3 How. Stat. § 2283*d* 8), which makes its unlawful for any person to allow any minor to visit or remain in any room where liquors are sold or kept for sale, unless accompanied by his or her father or other legal guardian, raises the presumption that the Legislature did not intend to make the proprietor of a saloon liable *criminally* for the act of his clerk or agent in violation of said section, committed in his absence, and without his knowledge or consent.

3. Section 24 of Act No. 313, Laws of 1887 (3 How. Stat. § 2283*e* 7), making persons engaged in liquor selling, whether as owner or as clerk, agent, servant, or employé, equally liable as principals for any violation of the provisions of the act, and making any principal liable for the acts of his clerk, servant, agent, or employé amounting to such violation, was intended to enlarge the liability of the proprietors of saloons so as to extend it to the acts of servants, clerks, agents, or employés in *civil,* but not in *criminal,* actions.

Exceptions before judgment from Genesee. (Newton, J.) Argued May 6, 1891. Decided May 21, 1891.

Information for a violation of section 15 of Act No. 313, Laws of 1887. Conviction set aside, and respondents discharged. The facts are stated in the opinion.

*Durand & Carton,* for respondents.

*A. A. Ellis,* Attorney General, and *John M. Russell,* Prosecuting Attorney, for the people.

LONG, J. The respondents in this case are the proprietors of a saloon and retail liquor store in the village of Mt. Morris, Genesee county, and they were engaged in that business on October 25, 1890.

On that day, while respondents were absent from their place of business, leaving the same in charge of their clerk, two boys named Egan, and who were minors, entered respondents' saloon, and remained there a short time playing pool.

Complaint was made against respondents, charging them with the violation of section 15, Act No. 313, Laws of 1887. They were arrested, and by the justice, upon examination, held for trial in the circuit court. In the circuit court an information was filed charging respondents with the violation of section 15, aboved referred to, and upon the trial before the jury they were convicted of the offense charged. There is no conflict of testimony. It appears, as above stated, that the respondents themselves were not present during the time the minors were there.

At the close of the testimony respondents' attorney requested the court to charge the jury as follows:

"If the jury find that the respondents were not in the saloon at the time the minors were in there, and had no knowledge of the presence of the minors in the saloon at the time they were there, then the respondents cannot be convicted of the offense charged, and you should acquit the respondents."

This request was refused. The court directed the jury as follows:

"Defendants' counsel claim, and request me to instruct you, that you cannot find them guilty unless they were

personally present at that time. That I cannot do, because the statute says:

" 'It shall not be lawful for any person, by himself, his clerk, or agent, to permit any student in attendance at any public or private institution of learning in this State, or any minor, to play at cards, dice, billiards, or any game of chance.'

"A man engaged in that business is responsible to the extent of . seeing that his place of business is closed; if he is not there himself, to give such instructions and directions as will protect the children of the community from being in a place prohibited by law."

The learned circuit judge had before that called the attention of the jury in his general charge to the fact that the information was drawn under section 15, and had directed them that it also had relation to the preceding section, or section 14, of the act. That section reads as stated by the trial court, while section 15 reads:

· "It shall not be lawful for any person to allow any minor to visit or remain in any room where such liquors are sold or kept for sale, unless accompanied by his or her father or other legal guardian."

We think the trial court was in error in applying the provisions of section 14 to this case, under the claim made in the information. The information specifically describes the offense as coming within the provisions of section 15, and not within the provisions of section 14, in which information it is stated—

"That the said John P. Hughes and William McManus, being then and there engaged in the sale of and dealers in spirituous, brewed, fermented, and vinous liquors, did allow one Fred Egan, a minor under the age of 21, to wit, of the age of 17, years, to visit and remain in said saloon and room then and there under their control; the said Fred Egan not being then and there accompanied by his father or other legal guardian, and against the form of the statute," etc.

It will be seen that by the provisions of section 14 it is made unlawful for any person, by himself, his clerk,

or agent, to permit any minor to play at cards, dice, etc., in any building in which spirituous or intoxicating liquors are sold; while by the provisions of section 15 it is made unlawful for any person to allow any minor to visit or remain in a room where liquors are kept or sold, unless accompanied by his father, etc. It was evidently the intent of the Legislature, by the provisions of section 14, to make the proprietor or keeper liable for the acts of his clerk or agent or servant; but whether such proprietor or keeper could be made liable to a criminal prosecution for the violation of · section 14 of this act, who was not present at the time the minors so played at cards, dice, billiards, etc., we do not decide. In section 15 the words "clerk or agent" do not occur. We must presume that the Legislature intentionally omitted them, and did not intend, by the language employed in this section, to make the proprietor of the saloon liable criminally for the act of the clerk or agent in permitting a minor to visit or remain in such room unaccompanied by his father, guardian, etc.

It is claimed, however, that section 24 of the act under which the information is filed enlarges the liability of the keeper of saloons and places where intoxicating liquors are sold, and that. section 15 should be construed with reference to this section. Section 24 provides as follows:

"All persons engaged in the business of selling or keeping for sale any of the liquors mentioned in this act, whether as owner, or as clerk, agent, or servant or employé, shall be equally liable as principals for any violation of any of the provisions of this act; and any person or principal shall be liable for the acts of his clerk, servant, agent, or employé for any violation of the provisions of this act."

It is claimed by counsel for the people that it was the intent of the Legislature to enlarge the liability of the proprietors of saloons so as to extend it to the acts of

servants, clerks, agents, or employés. This is undoubt-edly true, as affecting the liability of proprietors in civil actions; but we cannot accede to the proposition that it enlarges the liability of the proprietor in a prosecution in the nature of a criminal charge for the violation of the section, and subjecting the proprietor, upon conviction, to fine and imprisonment.

The learned counsel for the people also contend that the law, as construed by this Court in former decisions, seems to be aimed against saloons as a place, rather than against the proprietor or any other person as an individual, and say:

"If it was competent for the Legislature to enact a law making a saloon-keeper responsible if his saloon remained open upon certain days, whether he was present or had knowledge of the fact or not, it is competent for the same Legislature to make a saloon-keeper responsible for the acts of his agents while conducting his affairs in such saloon, whether he is present or not."

Construction has been given to the statutes by this Court in cases where saloons have been kept open in violation of law, and the respondents in such cases have been held properly convicted, though they were not present, and had no knowledge that the place so kept by them was being kept open contrary to the provisions of the statute. The decisions are based upon the ground that the saloon is so completely under the control and supervision of the proprietor that he should be held to strict compliance with the statute in this regard. In *People v. Robbins*, 70 Mich. 130, it was said that—

"It is a violation of the law to keep a saloon open on week-days after 9 o'clock, whether any liquor is sold therein or not."

The place named must be closed, and cannot, by the proprietor or any other person, be kept open for business purposes of any kind, and the proprietor has at all times

such care and supervision over it, whether he is present or absent from the place, that no person, even during his absence, can keep it open or enter therein.

In the present case the respondents had the right to keep the saloon open at the time when the offense is charged to have been committed, and under the statute sales made therein were not prohibited, except in certain specified cases, and to certain persons or class of persons, described in the statute. They had the right to carry on the business themselves, or to put it in charge of the clerk, agent, or servant, being responsible in civil damages for its unlawful conduct by such clerk, servant, or agent. If sales were unlawfully made by the persons in charge during the absence of the proprietors, and without their knowledge or consent, no conviction, under the criminal statutes, could have been sustained against such absent proprietors as for such unlawful sales. *People v. Welch*, 71 Mich. 548; *Faulks v. People*, 39 Id. 200.

There is no testimony in this record showing that the respondents had any knowledge that these minors were about to visit this saloon without the attendance of their father or legal guardian, or knowledge that they were there at any time during their absence. They may have directed the person whom they left in charge not to admit any minors or persons who had no right to be there, and to abstain from selling to persons whom the statute prohibited from receiving or being given intoxicating liquors of any kind, and without the knowledge that the offense was being committed, and contrary to their expressed direction, yet, under the ruling of the learned circuit judge, they would be held liable to the same measure of criminal responsibility as though they were present, and personally engaged in the violation of the law.

The statute cannot have this construction. If this

conviction could be sustained upon the ground claimed, it would be holding that permitting minors to visit and remain in saloons is a higher degree of crime than as though intoxicating liquors were actually sold to them.

The court below was clearly wrong in refusing defendants' request to charge. For this reason the conviction must be set aside, and the respondents discharged.

The other Justices concurred.