# OCTOBER TERM, 1901.*

PEOPLE *v.* CURTIS.

INTOXICATING LIQUORS—DRUGGISTS—SALE TO MINOR—INTENT.

In a prosecution under 2 Comp. Laws, § 5381, making it unlawful for a druggist to sell liquor to a minor except on the written order of his parent or guardian, it is no defense that, from the appearance or statements of the minor, respondent believed him to be of full age. *People v. Welch,* 71 Mich. 548, distinguished.

Exceptions before judgment from Van Buren; Carr, J. Submitted November 21, 1901. Decided December 3, 1901.

Frank W. Curtis was convicted of selling liquor to a minor. Affirmed.

*Thomas J. Cavanaugh* and *Hammond & Hammond,* for appellant.

*David Anderson,* Prosecuting Attorney, for the people.

MONTGOMERY, C. J. The sole question presented in this case is whether a druggist who sells liquor to a minor without any written order from the parent or guardian of such minor may prove, by way of defense, that, from the appearance or statements of the minor, the respondent believed him to be more than 21 years of age.

The statute (2 Comp. Laws, § 5381) provides that:

"It shall not be lawful for any druggist,   *   *   * directly or indirectly,   *   *   *   to sell, furnish, give, or deliver any spirituous, malt, brewed, fermented, or vinous liquor   *   *   *   to a minor, except for medicinal or mechanical purposes, on the written order of the parent or guardian of such minor."

---

* Continued from Vol. 128.

Whether, under statutes of this character, it is essential to show an intent to violate the law, the authorities are not altogether agreed.   In *People* v. *Roby*, 52 Mich. 577 (18 N. W. 365, 50 Am. Rep. 270), it was held that the provision of this statute which requires that saloons shall be closed on the first day of the week imposed a positive duty upon the respondent to see at his peril that the saloon was closed.   Mr. Justice COOLEY, in his opinion, said:

"Many statutes which are in the nature of police regulations, as this is, impose criminal penalties irrespective of any intent to violate them; the purpose being to require a degree of diligence for the protection of the public which shall render violation impossible."

Numerous cases are cited to support this position, and, among them, cases from various States supporting the rule that, where a statute prohibiting sale to a minor does not make knowledge of the minority an ingredient of the offense, belief that the minor was of age will not constitute a defense.   So we have held in numerous cases since that, in enactments providing police regulations, there are many cases in which intent is not to be held an ingredient of the offense.   *City of Grand Rapids* v. *Bateman*, 93 Mich. 135 (53 N. W. 6); *People* v. *Snowberger*, 113 Mich. 86 (71 N. W. 497, 67 Am. St. Rep. 449); *People* v. *Longwell*, 120 Mich. 311 (79 N. W. 484).

But it is contended that this court laid down a rule which, as to sales to minors, makes the intent an ingredient of the offense, in the case of *Faulks* v. *People*, 39 Mich. 200 (33 Am. Rep. 374).   The language of the opinion, it is true, is very general; but it is to be construed in connection with the statute which was being considered at the time (Act No. 231, Pub. Acts 1875).   That statute was entitled, "An act to prevent the sale or delivery of intoxicating liquors, wine, and beer to minors," etc.; and, while it contained a provision in the first section making it unlawful to sell to a minor, section 4 also provided a penalty against the minor for misrepresenting his age.   Whether it was the view of the court that this section was an indica-

tion that a criminal intent was necessary under the first section, we have no means of knowing definitely; but of this case it was said by Mr. Justice COOLEY in *People* v. *Roby:*

"It was held in *Faulks* v. *People*, 39 Mich. 200 (33 Am. Rep. 374), under a former statute, that one should not be convicted of the offense of selling liquors to a minor who had reason to believe, and did believe, he was of age; but I doubt if we ought so to hold under the statute of 1881, the purpose of which very plainly is, as I think, to compel every person who engages in the sale of intoxicating drinks to keep within the statute at his peril."

This is followed by the citation of numerous authorities where similar statutes have been so construed. It is apparent, therefore, that *Faulks* v. *People* rested upon the peculiar terms of the statute then in force, which contained provisions not found in the present liquor law.[1]

The question was again considered, as affecting saloon keepers, in *People* v. *Welch*, 71 Mich. 548 (39 N. W. 747, 1 L. R. A. 385). The section there under consideration is the one corresponding to 2 Comp. Laws, § 5391, which contains, among other provisions, the following:

"The fact of selling, giving, or furnishing any liquid in any place where intoxicating liquors are sold or kept for sale, to any minor, * * * shall be *prima facie* evidence of an intent on the part of the person so selling, giving, or furnishing such liquid to violate the law."

The court, in construing this section, places stress upon the concluding words of the section, which were held to indicate that intent was an element of the offense, inasmuch as it provided, in effect, that the furnishing of liquor should be but *prima facie* evidence of an intent to violate the law. Mr. Justice CHAMPLIN said:

"The question which confronts us here is whether the legislature, in making it unlawful to sell liquors to minors, created an offense for which the person selling would be culpable, irrespective of his intent to violate the law.

[1] See, also, with reference to the construction of this decision, *People* v. *Longwell*, 120 Mich., at page 312.

Had the last clause of section 13 [Act No. 313, Pub. Acts 1887], above quoted, been wholly omitted, it would not be material to the offense.    But the language of that clause plainly infers that the offense cannot be made out without there exists on the part of the accused an intent to violate the law."

Section 5381, which governs the present case, contains no such limitation, and we think it should be held that intent is not an ingredient of this offense, but that, like many other police regulations, this statute imposes upon the seller the duty of ascertaining the fact at his peril.

The conviction will be affirmed.

The other Justices concurred.