## TERRITORY OF HAWAII *v.* E. S. CUNHA.

### APPEAL FROM DISTRICT COURT, HONOLULU.

SUBMITTED MARCH 5, 1904.        DECIDED APRIL 29, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A section of a statute may be invalid in part and valid as to the remainder.

A statute which forbids any keeper or proprietor of any place where intoxicating or spirituous lquors are sold to permit any minor to visit or remain in the room where said liquors are sold or kept for sale is not invalid as being in excess of the police power or contrary to the 14th Amendment.

### OPINION OF THE COURT BY FREAR, C.J.

This is an appeal on points of law from a judgment of the District Magistrate of Honolulu finding the defendant guilty of violating Section 2 of Act 4 of the Laws of 1901 and sentencing him to pay a fine of $25 and costs. Two points are raised: (1) that the law is unconstitutional, (2) that the evidence was insufficient.

The law, omitting the enacting clause and Section 4, which provides when it shall take effect, reads as follows:

"An Act to Prevent the Employment of Minors in Places Where Intoxicating Liquors are Sold, and to Prevent Minors from Visiting such Places.

"Section 1. It shall be unlawful for any keeper or proprietor of any place where intoxicating or spirituous liquors are sold or dispensed, to employ in or about the room where such liquors are sold or dispensed, any minor.

"Section 2. It shall be unlawful for any keeper or proprietor of any place where intoxicating or spirituous liquors are sold or dispensed, to permit any minor to visit or remain in the room where said liquors are sold, kept for sale or dispensed. ·

"Section 3. Any person who shall violate or fail to observe any of the provisions of this Act shall be guilty of a misdemeanor, and upon conviction shall be find not less than twenty-five dollars nor more than one hundred dollars, and on his second offense the license of said person shall be forfeited and revoked."

We need not inquire to what lengths the legislature may go in the exercise of the police power for the preservation of the public peace, safety, health and morals, especially with reference to the subject of intoxicating liquors, or how far the state may go as *parens patriae* or otherwise for the protection of minors, or to what extent, if any, the 14th amendment, on which special reliance is placed by the defendant, might limit the legislative power in these respects. See in general *Crowley v. Christensen,* 137 U. S. 86; *Vance v. Vandercook,* 170 U. S. 438; *Powell v. Pennsylvania,* 127 U. S. 678; *Mugler v. Kansas,* 123 U. S. 623; *People v. Ewer,* 141 N. Y. 129; *Goldsticker v. Ford,* 62 Tex. 385.

The contention is that this section of the statute goes too far in that, although intended, as argued, to prohibit the employment or loitering of minors in saloons, it is not confined to employment or loitering but extends to mere remaining, perhaps on lawful business, as, for instance, to collect an account, and is not confined to places where liquor is sold to be drank on the premises, but extends to any place where it is sold, for instance,

to wholesale houses, hotels, etc., and even to any place where it may be dispensed, as, for instance, by way of gift at private residences. The prohibition, it will be noticed, extends only to the room in which the liquors are sold, kept for sale or dispensed and not to other rooms in the same building. The room in question was one in which liquors were sold at retail to be drank there.

As to private residences, it is unnecessary to say whether the act should be construed as applicable to them, or whether, if applicable to them, it would prevent the furnishing of liquor to one's family or to those who as employees or guests might be considered as belonging to the family in a broad sense, or whether, in either case, such a provision would be beyond the legitimate exercise of the police power. See *Republic v. Akau*, 11 Haw. 363, and cases there cited. The words "or dispensed", on which alone this contention is based, may be eliminated without affecting the remainder of the statute, especially as those words are not included in the title of the act. The "place" in question was one "where intoxicating or spirituous liquors are sold" and not merely "dispensed".

As to "remaining" as distinguished from "loitering" and "any place" where liquors are sold, whether to be drank on the premises or not, the argument seems to be based largely on the assumption that this statute differs from statutes elsewhere in these respects, and that the fact that other statutes do not go as far as ours shows that it is not necessary that it should go so far and that it is deemed to be beyond the legislative power to go so far. But the authorities seem to show that statutes of this character have been enacted and held or assumed to be valid repeatedly in other jurisdictions. In some cases the provision is found in the statute itself, in others it is required by the statute to be in the bond. In *Goldsticker v. Ford, supra,* the words were "enter upon or remain", though on premises where liquor was sold at retail only. It seems that in that state (Texas) the provision at first applied to places where liquor was sold whether to be drank on the premises or not, but that subsequently the law was changed to apply only to premises where

the liquor sold was to be drank thereon. *State v. Meyer,* 23 S. W. (Tex.) 427; *Drake v. State,* 23 S. W. (Tex.) 620. In *State v. Kinkead,* 57 Conn. 173, the word "loiter" was used; but it was on premises where liquor was kept for sale, without stating whether at wholesale or retail. In *People v. Hughes,* 86 Mich. 180, the words were "visit or remain" in any room where liquor was "sold or kept for sale". In *Bergman v. Cleveland,* 39 Oh. St. 651, the word "employ" was used with reference to females in any 'saloon, restaurant, or room or place" where liquor was "sold or kept for sale". In *State v. Considine,* 16 Wash. 358, and *In re Considine,* 83 Fed. 157, the prohibition was against the employment of females in any capacity in theaters, etc., where liquor was sold as a beverage, but did not extend to the attendance or remaining of females who were not employed, and that discrimination was relied on as one of the grounds on which it was contended that the statute was invalid.

The only case cited which held the law invalid is that of *Gastineau v. Commonwealth,* 49 L. R. A. 111, decided by the Kentucky court of appeals. A city ordinance was held invalid which forbade any saloon keeper to allow any woman to come in or out of his building where liquor was sold or offered for sale and forbade any woman to so come in or go out or to frequent, loaf or stand around said building within fifty feet thereof. The opinion is brief and was apparently based on the view that the ordinance was an unreasonable interference with individual liberty, but it was intimated that it might perhaps have been valid if it had been confined to disreputable women. What view the court would have taken if the ordinance had related to minors it is impossible to say. The ordinance differed materially from our statute and from the statutes referred to in the cases above cited. It is unnecessary to say whether the decision is distinguishable from or contrary to other decisions on questions of this general nature.

In our opinion the legislature did not exceed its powers in enacting this statute. If the statute is thought to go to unnec-

essary lengths, the Legislature is the body to which application should be made for relief.

The second point is that the evidence was insufficient in that it fails to show knowledge or intent or responsibility on the part of the defendant as to the minor's presence in the saloon.

We may assume for present purposes that such a showing must be made affirmatively and that it is not sufficient to show merely that the minor remained in the saloon and leave it to the defendant to show that he was ignorant of it and had nothing to do with it. See *People v. Hughes, supra,* and *Campbellsville v. Odewalt,* 60 L. R. A. (Ky.) 723. The evidence was sufficient to support a finding that the defendant employed the minor to serve in the saloon as well as elsewhere in connection with the business. For instance, the minor himself testified as shown by the District Court minutes: "Am 18 years old. Know deft. Am employed by him. On June 22, 1903, I was down in the cellar under Union Saloon, Cunha's saloon back of Hawn. News Co. on Merchant St. here in Honolulu, opening cases of gin. On 22nd of June, I was in saloon, I was working. I know there were spirituous liquors sold while I was there. X Examined: I was down in cellar at 8:30 a. m. I know Justice. I had instructions not to serve him with liquor. Am employed there from 5:30 a. m. to 10 a. m. On June 22, I was in bar room, behind the bar, before 12 o'clock. I was 18 years old on May 12 last. My parents are alive. They permitted me to work in deft.'s saloon, they allowed me to work there, they know I work there."

The judgment of the District Court is affirmed.

*L. Andrews, Attorney General,* and *N. W. Aluli* for the Territory.

*E. M. Watson* for the defendant.