BAILEY v. BRIGGS.

1. INTOXICATING LIQUORS — CIVIL-DAMAGE ACT — SALE TO MINOR —DEFENSES.

In an action against a druggist under the civil-damage act (5398, 2 Comp. Laws) for selling liquor to a minor, it is no defense that the minor presented a forged order from his par- ·ent, which defendant believed to be genuine.

2. SAME—DAMAGES—CHARACTER OF MINOR—PREVIOUS INTOXICA- TION.

In these actions the jury may consider, upon the question of injury to the parent's feelings, the fact that the minor had been in the habit of becoming intoxicated.

3. SAME—ACTION BY MOTHER—HABITS OF FATHER.

In an action by a mother for selling to her minor son, the habits of the father are not material.

Error to Montcalm; Davis, J.   Submitted January 5, 1906.   (Docket No. 18.)   Decided March 5, 1906.

Case under the civil-damage act by Ella Bailey against Fred D. Briggs for the sale of intoxicating liquor to plain- tiff's son.   There was judgment for defendant, and plain- tiff brings error.   Reversed.

C. L. & C. B. Rarden and E. J. Bowman, for ap- pellant.

N. O. Griswold, for appellee.

MONTGOMERY, J.   This action was brought under the civil-damage act to recover damages resulting from a sale of a bottle of alcohol to her minor son causing intoxica- tion.   Defendant recovered.   Plaintiff brings error.

The defendant was, on the 11th of February, 1901, en- gaged in the business of a druggist.   It was proved on

the trial and admitted by defendant's witnesses that plaintiff's minor son bought the alcohol in question and became intoxicated from drinking the same. The defense interposed was that the alcohol was delivered to the son on an order purporting to be signed by plaintiff but which was in fact a forgery. This order read:

" Mr. Briggs. Please send me one pint of alcohol. It is for medicine.

" ELLA BAILEY."

The circuit judge was of the opinion that if the defendant's servants in good faith sold this alcohol in the belief that the order was genuine, the defendant is not liable. The rulings which proceed upon this theory present the most important question in the case. The statute (2 Comp. Laws, § 5398) provides:

"Every person who shall by himself, or by any clerk, servant, agent or employé, sell, give or furnish, or cause to be sold, given or furnished, any intoxicating, spirituous, malt, brewed or fermented liquors, cider or wine * * * to any minor * * * shall in addition to all other penalties provided therefor by this act, be liable for both actual and exemplary damages therefor, to the father, mother, * * * in such sum, not less than fifty dollars in each case, as the court or jury shall determine, except a druggist, upon the written request of a parent, guardian, or master of such minor, or upon the written prescription and request of a regular practicing physician."

It is altogether clear that one who sells to a minor upon what purports to be, but what is not in fact, a written order of the parent, is not within the words of the exception. If the construction which the learned circuit judge gave to the statute be adopted it is obvious that we must extend the exception by implication and exclude recovery in this case as not authorized by the spirit of the act. We see no controlling reason for departing from the terms of the act. The entire act is in the nature of a police regulation; the section quoted being in part penal and in part remedial. It was designed to furnish absolute protection to the par-

ents of minors. It has been held upon full consideration that a sale to a minor cannot be excused in a prosecution under the strictly penal provision of the act by showing a good faith belief that the minor was of full age. The fact that the minor stated to the druggist that he was more than 21 years of age afforded no defense. *People* v. *Curtis*, 129 Mich. 1. If we apply the same rule to this case the pertinency of the suggestion of plaintiff's counsel is apparent. That suggestion is that in this case the false order was but a false statement of the boy reduced to writing. See, also, *People* v. *Worden Grocer Co.*, 118 Mich. 604; *People* v. *Roby*, 52 Mich. 577; *Com.* v. *Finnegan*, 124 Mass. 324. The circuit judge was in error in sustaining the defense.

Complaint is made that the circuit judge allowed the jury to consider the fact that this boy had, before the sale by defendant, been in the habit of getting intoxicated as bearing upon the amount of damages for injury to feelings. The court said in substance that the shock to plaintiff would not be so great in case the boy had to her knowledge been often intoxicated before, as it would be to discover the downfall of one previously sober and of perfectly correct habits. We have not quoted the language but given the effect of the charge. We think this instruction is warranted by the experience of mankind, and is the law. It is by no means true that previous lapses furnish a defense or an excuse for unlawful sales by defendant. But in measuring the injury to plaintiff's feelings the previous habits of the minor must be an element to be considered. See, as bearing on the question, *Johnson* v. *Schultz*, 74 Mich. 75; *Cramer* v. *Danielson*, 99 Mich. 531; *Ford* v. *Cheever*, 105 Mich. 679. The cases of *Steele* v. *Thompson*, 42 Mich. 594, and *Theisen* v. *Johns*, 72 Mich. 293, presented a different question. In each of those cases it was sought to relieve the defendant in part by showing that others concurrently sold liquor to the husband. As the statute made each seller who caused or contributed to the

sale responsible for all the consequences, it was held that such fact if proved in no way relieved the defendant. The habits of the father were not material. The other questions raised are not likely to arise on a new trial.

For the error pointed out, the judgment is reversed, and a new trial ordered.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.