PEOPLE v. BRONNER.

1. INTOXICATING LIQUORS — SALES TO MINORS — PARTNERSHIP — LIABILITY OF PARTNER.

A partner is not criminally liable for a sale of liquor to a minor by his partner though he was present and in a position to see what was going on when the sale was made.

2. SAME—DEFENSES—GOOD FAITH.

Good faith belief on inquiry of the lawful age of the person to whom the sale was made is a defense to a charge of selling liquor to a minor.

Error to Cass; Carr, J. Submitted June 14, 1906. (Docket No. 97.) Decided July 23, 1906.

John W. Bronner and Jacob Herold were convicted of violating the liquor law, and each sentenced to pay a fine of $100. Affirmed as to respondent Bronner, and reversed as to respondent Herold.

*James H. Kinnane*, for appellants.

*George M. Fields*, Prosecuting Attorney, for the people.

MOORE, J. The respondents were indicted for selling intoxicating liquors to a minor. They were tried by a jury and convicted. The case is brought here by writ of error. Thirty-four assignments of error are urged. The regularity of the grand jury is attacked. The validity of the indictment is questioned. The appointment of an attorney to assist the prosecuting attorney is said to be error. Exceptions are urged to the admission of testimony, to the refusal to give certain requests, and to many portions of the general charge of the court.

With reference to the proceedings before the grand jury, the validity of the indictment, the regularity of the grand jury, and the assistance rendered the prosecuting

attorney, we shall content ourselves by saying the record does not present a case where a reversal should be had, growing out of those questions. As to the requests to charge, some of them might well have been given, but the subject-matter thereof was fairly covered by the general charge. There are, however, two portions of the general charge which call for more detailed discussion. At this point some statements of fact are essential.

The respondents are partners. The respondent Bronner made a sale to a minor in the presence of the other respondent. It is claimed the minor said he was past 21 years of age, and that his statement was believed by Bronner. It is also claimed the respondent Herold had nothing to do with the sale, and knew nothing of it.

In his general charge the court, among other things, instructed the jury as follows:

"Now, as to the defendant Herold, it is claimed in this case that the defendant Herold did not furnish any liquor to the minor. It is, however, undisputed that he was a partner in the saloon. If you believe from the evidence beyond a reasonable doubt that Herold was close enough to Bronner when the beer was furnished to Wiley that he noticed it or could see it, and see Wiley, that is sufficient. It is not necessary for Herold to hand out the glass of liquor himself to the boy. That could be done by Bronner and Herold be equally guilty. If you believe beyond a reasonable doubt the evidence of the people's witnesses regarding the place and position of Herold to his partner, Bronner, when Bronner furnished the beer to the minor, then the question of the possible ignorance of Herold makes no difference, as he would be equally guilty with Bronner. If the prosecution has satisfied you beyond a reasonable doubt that Herold stood where they claimed he stood at the time the beer was furnished to the minor, it was impossible for him not to know it unless he lacked some of his senses or was willfully ignorant.   *   *   *

"The first proposition that Wiley is a minor is undisputed. The second proposition that he obtained the beer in the saloon of the defendant on the day alleged is undisputed. This makes out a clear prima facie case against the defendant Bronner and a clear prima facie case under the statute against Herold, if you believe from the evi-

dence that he was as close when the liquor was furnished as is claimed by the people's witnesses.

"The statute itself presumes conclusively that the defendants Bronner and Herold intentionally violated the law. As I have before indicated, they can rebut this presumption, if they can, by showing that he was not a minor, or showing that his appearance was such that they were warranted in good faith as prudent, cautious, and honest men to believe that he was of age, The burden of proof of these facts, however, is upon the defendants. It is an affirmative defense, and the burden of proof is upon the liquor seller to show any and all absence of intent."

This is not the rule as stated by this court in *People* v. *Welch*, 71 Mich. 548 (1 L. R. A. 385). See, also, *People* v. *Hughes*, 86 Mich. 180, and *People* v. *Curtis*, 129 Mich. 1. And the conviction as to Herold should be set aside.

Near the close of the instruction the court gave the following request of the defendant Bronner:

"The proof by the people in this case of the sale of liquor makes a prima facie case against Bronner; that is to say, that if the question of intent is not rebutted or overcome by the testimony introduced on behalf of the defendant Bronner, then your verdict should be guilty. But, as I have already stated, if you find from the evidence that said Bronner had good reason to believe and did believe that the said Wiley was of the age of 21 years, then it is your duty to acquit.

"A minor who is approaching his majority might have the appearance of being 21 years old, and if, on being inquired of, he shall assert that he was of full age, a dealer might in good faith sell him liquor without any intention of violating the law. If this be your conclusion in this case, then your verdict should be 'Not guilty.'"

It is conceded that Bronner sold the liquor to the minor, and evidently the jury did not believe that he sold it to him in good faith upon the belief that he was of age.

We think this correctly stated the law as applicable to the defendant Bronner, and as to him the conviction should be affirmed.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.