PEOPLE *v.* SHARRAR.

1. INTOXICATING LIQUORS — DRUGGISTS — STATUTES — HABITUAL
   DRUNKARDS.
   Under the local-option law (2 Comp. Laws, § 5412 *et seq.;* Act
   No. 207, Pub. Acts 1889, as amended by Act No. 183, Pub.
   Acts 1899), a sale of intoxicating liquors by a druggist to a
   person in the habit of becoming intoxicated is unlawful, al-
   though the latter presents the prescription of a physician and
   the druggist acts in good faith. 2 Comp. Laws, §§ 5381, 5391.

2. SAME—EVIDENCE—GOOD FAITH.
   Good faith being immaterial, evidence of it, such as the fact
   that a physician's prescription was presented by the pur-
   chaser, is immaterial.

3. SAME.

The statute was intended to forbid the sale of liquor by druggists to certain persons, even for medicinal purposes.

4. SAME—MEDICINES—ALCOHOLIC BEVERAGES.

Whether a particular mixture containing alcohol is a medicinal compound and unfit for use except in medicinal doses, is generally a question of fact.

5. SAME.

But a mixture of 10 grains of quinine and 8 ounces of whisky is, as a matter of law, an intoxicating liquor.

6. SAME—EVIDENCE—OPINION.

Testimony to the effect that no reasonable person would drink it as a beverage or drink sufficient of it to become intoxicated was not admissible.

7. SAME—CRIMINAL LAW—SENTENCE.

Act No. 183, Pub. Acts 1899, requires the imposition of both fine and imprisonment upon persons convicted of violating its provisions.

ON REHEARING.

1. CRIMINAL LAW—SENTENCE—FINE AND IMPRISONMENT.

It is immaterial whether or not both a fine and imprisonment were required by Act No. 183, Pub. Acts 1899, where, at the time of imposing sentence, the trial court indicated his opinion that the fine and imprisonment were about what he ought to impose on respondent.

2. SAME—INTENT—INTOXICATING LIQUORS.

Intent is not a necessary element of the offense defined by such statute; *i. e.*, the sale of intoxicating liquors to persons in the habit of becoming intoxicated.

Error to Gratiot; Searl, J. Submitted June 24, 1910. (Docket No. 143.) Decided September 27, 1910. Reargued March 6, 1911. Former opinion affirmed March 31, 1911.

George E. Sharrar was convicted of violating the local-option law, and sentenced to pay a fine of $50 and to imprisonment for 20 days in the county jail. Affirmed.

*Stone & Watson* and *James G. Kress*, for appellant.

*John E. Bird*, Attorney General, and *John M. Everden*, Prosecuting Attorney (*O. G. Tuttle*, of counsel), for the people.

OSTRANDER, J.　Respondent was a druggist doing business at Alma, Mich.　On the 2d day of October, 1908, one Simon Oberlin, a farmer who resided some five miles from Alma, delivered to the respondent a prescription signed by a physician of the city which called for 8 ounces of whisky containing 10 grains of quinine.　Respondent filled the prescription, placing a label on the bottle bearing the number of the prescription and the name of the physician who prescribed, and delivered it to Oberlin. The local-option law (Act No. 207, Pub. Acts 1889) was in force in the county of Gratiot, in which the city of Alma is.　Respondent was informed against for selling, giving, and furnishing to Oberlin this liquor; it being alleged that the said Oberlin was then and there a person who was in the habit of getting intoxicated, and the respondent then and there a druggist, etc., the information being laid under the local-option law.　Respondent was convicted and sentenced to pay a fine and to be imprisoned.　Upon the trial the circuit judge excluded evidence of the prescription, of the physician who gave it, and of the good faith of the respondent in filling the prescription, and the jury was instructed, in accordance with these rulings, that if they found that Oberlin was a person in the habit of getting intoxicated, the people had shown sufficient to warrant a verdict of guilty.　The fact that the whisky and quinine was sold and delivered to Oberlin was admitted by respondent on the stand.　The rulings of the court referred to and the charge present the meritorious question, which is properly raised by exceptions and by assignments of error.

It is the contention of the people that, while the prosecution is properly laid under the act of 1889 (*Bishopp* v. *Hillsdale Circuit Judge*, 94 Mich. 462 [53 N. W. 1093]),

the respondent as a druggist was governed as to the sale of liquor by the provisions of the general law, and that under the general law a druggist who sells liquor to a person who is in fact in the habit of becoming intoxicated is not excused by good faith; that is to say, want of knowledge that the person is in the habit of becoming intoxicated, or by the fact that the liquor was sold in filling the prescription of a physician. It is a further contention that the addition of the quinine to the whisky in no way destroyed the intoxicating effect of the liquor, and that it is immaterial as affecting the question of the guilt of the respondent.

Section 1 of Act No. 207 of the Public Acts of 1889 (2 Comp. Laws, § 5412) has this proviso:

"That the provisions of this section shall not apply to druggists, or registered pharmacists, in selling any such liquors under and in compliance with the restrictions and requirements imposed upon them by the general laws of this State."

Section 2 of the same act has this proviso:

"That all sales of liquors by druggists, or registered pharmacists, in such counties shall be under the restrictions and requirements imposed upon them by the general laws of this State."

By the provisions of the general law it is unlawful for any person, except a druggist, to sell, give, or furnish any spirituous liquors to a minor, an intoxicated person, or a person in the habit of getting intoxicated (2 Comp. Laws, § 5391), and as to druggists, they are excepted from the penal provisions of the act when they sell liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only, and in strict compliance with law; it is unlawful for any druggist at any time to sell, furnish, give, or deliver any spirituous liquor to any person in the habit of getting intoxicated (section 5381). Persons in the habit of getting intoxicated are classed, in the statute, with intoxicated persons and minors who do not present a written order of parent or guardian. In construing this sec-

tion of the statute, it was held, in *People* v. *Curtis*, 129 Mich. 1 (87 N. W. 1040, 95 Am. St. Rep. 404), which was the case of a sale by a druggist to a minor, that intent is not an ingredient of the offense, and that the statute imposes upon the seller the duty of ascertaining, at his peril, that he is selling to one whom the law permits him to sell to. Good faith being immaterial, evidence of it, such as the fact that a physician's prescription for the liquor sold was presented by the purchaser, is immaterial. The prescription of the physician and the mixture prescribed and prepared are some evidence that the liquor was purchased and sold for medicinal purposes. We are of opinion, however, that the statute forbids, and was intended to forbid, sales of liquor by druggists to certain persons even for medicinal purposes.

It was not denied—indeed, it was conceded—that the addition of the quinine to the whisky did not destroy the intoxicating effect of the whisky; but it is contended that it is a question of fact whether the mixture could be, or probably would be, used as a beverage. It may be conceded that whether a particular mixture containing alcohol is a medicinal compound—a medicine—and unfit for use except in medicinal doses, is generally a question of fact. Black on Intoxicating Liquors, § 8. We think no such question of fact is presented with respect to a mixture containing 10 grains of quinine and 8 ounces of whisky. It is common knowledge that it is neither impossible nor uncommon for such a mixture to be drunk, and that to one used to and desiring intoxicants the presence of the quinine does not prevent such use of the whisky as is desired. Such a mixture is without doubt an intoxicating liquor. It was not error to exclude testimony offered to prove that "no reasonable person would drink it as a beverage, or would drink sufficient of it to become intoxicated upon it." Such testimony would present no proper test. Undoubtedly, testimony is always available to prove that no reasonable person will use whisky at all.

Complaint is made that the court exercised no discretion

in imposing sentence upon the respondent; the ground of the complaint being that it was held that the statute required the imposition of both fine and imprisonment. The case of *People* v. *Minter*, 59 Mich. 557 (26 N. W. 701), is relied upon. The court did say, in pronouncing sentence, that he construed the language of section 16, Act No. 183, Pub. Acts 1899, as requiring the imposition of both fine and imprisonment. We are of opinion that the construction given was right, and that the discretion of the court, if sentence is imposed, is to be exercised with respect to the statute maximum and minimum.

We find no error, and the conviction is therefore affirmed.

HOOKER, MCALVAY, BLAIR, and STONE, JJ., concurred.

### ON REHEARING.

OSTRANDER, C. J. This cause has been reheard upon the application of respondent. We are satisfied, after a careful re-examination of the record, that whether the court properly construed the statute as requiring the imposition of a fine and a term of imprisonment is a question not involved. In *People* v. *Minter*, 59 Mich. 557 (26 N. W. 701), relied upon by respondent, it appeared in the judgment entry that the court declined to exercise the discretion to fine or imprison upon the ground that such discretionary power did not exist. In the present case, preliminary to passing sentence, the court in a similar way denied the right of the court to exercise a discretion to fine or imprison. But the court went further, and, after reciting facts and reasons for refusing to exercise a discretion in favor of respondent, and after imposing sentence, concluded by saying:

"I presume that the ultratemperance people will think that it is very much too low, while your friends will think it is very much too high. The court is satisfied that it is just about what it ought to be."

The court was warranted in imposing the sentence

which was pronounced. It does not appear that the construction which the court placed upon the statute affected the judgment pronounced. The contrary conclusion is supported by the statement of the court above quoted. In holding as we did in the former opinion that the statute sentence in such cases is fine *and* imprisonment and that it may not be fine *or* imprisonment, we were influenced by the fact that section 16 of Act No. 207, Pub. Acts 1889, provided for a punishment by fine or imprisonment, and the same section, practically re-enacted in Act No. 183, Pub. Acts 1899, provides for the punishment by fine *and* imprisonment. See, also, Act No. 107, Pub. Acts 1909. 3 Comp. Laws, § 11973, is a portion of chapter 334, entitled "Judgments in Criminal Cases," and it reads:

"Whenever it is provided that an offender shall be punished by imprisonment in the county jail and a fine, such offender may, at the discretion of the court, be sentenced to be punished by such imprisonment without the fine, or by such fine without the imprisonment; and, whenever it is provided that an offense shall be punished by fine or imprisonment, the court may impose both such fine and imprisonment, in its discretion."

If this general statute modifies the provisions of section 16 of the Public Acts of 1899, it is wholly immaterial whether the punishment provided is fine *and* imprisonment or fine *or* imprisonment. If no limitation upon the discretion of the court was intended by the legislature when it amended section 16, then nothing was accomplished by substituting in the law the word "and" for the word "or." We were of opinion that such intention may be found in the very fact and character of the amendments.

If liquor is sold in a local-option county, upon the regular prescriptions of a regular practicing physician, to a man who is in the habit of getting intoxicated, is the druggist protected if he acted in good faith without knowledge of the habits of the purchaser? The discussion may be narrowed. It is, and must be, admitted that the local-

164 MICH.—18.

option law in terms refer to the general law and to the local-option law for rules controlling sales of liquor by druggists. The general law forbids sales of liquor by druggists for any other than medicinal and scientific purposes. So does the local-option law. The general law forbids any sales, directly or indirectly, by druggists to minors who do not present the written order of a parent or guardian, to intoxicated persons, to persons in the habit of getting intoxicated, to Indians and to various others.

Construing this law (2 Comp. Laws, § 5381), this court held, in a case where liquor was sold to a minor, that the good faith belief of the druggist, based upon the appearance and statements of the purchaser that he was not a minor, was not a defense. It was said that the statute had not made intent an ingredient of the offense. *People* v. *Curtis*, 129 Mich. 1 (87 N. W. 1040, 95 Am. St. Rep. 404). In *Bailey* v. *Briggs*, 143 Mich. 303 (106 N. W. 863), which was an action brought by a parent against a druggist for damages resulting from a sale of liquor to a minor who presented a forged order of the parent, the rule of *People* v. *Curtis* was followed. It will be noted that the statute classes minors, who do not present an order from the parent, with persons intoxicated, those in the habit of getting intoxicated, Indians, and various others. Therefore, if intent is not an ingredient of the offense of selling liquor to a minor, it is not an ingredient of the offense when liquor is sold to a person who is in the habit of getting intoxicated. And if the provision in the local-option law for sales only upon a prescription merely adds to the provisions of the general law a further regulation, then a druggist may not sell to any of the classes named in the general law upon a prescription, although a proper prescription is presented, and must determine, at his peril, that a purchaser is not one to whom sales are forbidden.

The consequences of such a construction are considerable. The purpose of the local-option law is to prohibit sales of liquor as a beverage in certain localities. It is

not its purpose to forbid, or even to diminish, sales of liquor for medicinal or mechanical purposes. In local-option counties the drug store is the only place where liquor may be dispensed for such lawful purposes. The regulations and restrictions upon the traffic are aimed at preventing sales of liquor to be used as a beverage under the guise of sales for medicinal and scientific purposes. If sales of liquor to certain persons are absolutely forbidden, it is the sale and the status of the person to whom the sale is made which are controlling in determining whether the law is violated, and not the purpose for which the liquor is procured. A man in the habit of getting intoxicated may not procure liquor upon a prescription made for a member of his family. An infinite variety of facts may be supposed, the consequences of which, under the law, would appear to be insensible or harmful.

A consideration urged by counsel for respondent is that the construction of the law which is indicated operates to deny to certain persons benefits which the law secures to others. We are not apprehensive that one to whom liquor would be beneficial as a medicine will be deprived of its beneficial use. It must be assumed that all consequences of administering the law according to its terms were considered by the legislature. We cannot say that the legislative power has been abused. The law is an exercise of police power, and after mature reflection we are still of opinion that the construction which we placed upon it in the former opinion is the only reasonable, and therefore the required, construction.

HOOKER, MOORE, MCALVAY, BROOKE, BLAIR, and STONE, JJ., concurred. BIRD, J., did not sit.