PEOPLE *v.* AVERILL.

1. CRIMINAL LAW—MINORS—SALE OF INTOXICANTS—INTOXICATING LIQUORS—STATUTES—GOOD FAITH AS DEFENSE.

Act No. 160, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 5095), making it unlawful for any person to sell intoxicating liquors to a minor, was intended, particularly, to prohibit sales made by persons not engaged in the liquor trade, who were not affected by the prior law (2 Comp. Laws, § 5391), under the holdings of this court, and the statute was not intended to repeal the prior act in so far as it gave the respondent the right to show that he sold the intoxicating liquors in good faith, believing the minor to be of full age.

2. SAME—GOOD FAITH.

It was erroneous, in a prosecution against a saloonkeeper

for selling to a minor, to exclude by the charge to the jury respondent's defense, as claimed in his testimony, that he believed the minor was over 21 years of age and made the sale in good faith, relying on the representation of the young man that he was of age.

Exceptions before sentence from the superior court of Grand Rapids; Stuart, J. Submitted January 29, 1914. (Docket No. 140.) Decided March 26, 1914.

Edward Averill was convicted of violating the liquor law. Reversed.

*Grant Fellows*, Attorney General, *Earl F. Phelps*, Prosecuting Attorney, and *L. T. Herman*, Assistant Prosecuting Attorney, for the people.

*Dunham & Dunham*, for respondent.

STONE, J. The respondent was charged in the information filed against him in the superior court of Grand Rapids with having, on the 29th day of November, 1912, at the city of Grand Rapids, county of Kent, then and there unlawfully sold, furnished, and given—

"To one Harold Williams, a minor under the age of 21 years, to wit, of the age of 16 years, a beverage, a large quantity, to wit, two bottles of brewed, malt, fermented, vinous, and intoxicating liquor, namely lager beer, contrary to Act No. 160 of the Public Acts of the State of Michigan for the year 1909, and contrary to the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

The plea was not guilty.

Upon the trial of the case it appeared and was undisputed that the respondent was, at the time and place charged, engaged in the saloon business. The witness Harold Williams testified that he went into the saloon of respondent at the time and place named

and purchased two bottles of beer of respondent and paid for them. It further appeared that Williams was, in fact, only 16 years of age at the time. The respondent gave evidence tending to show that he sold the beer to Williams because he looked to be 21 years old; that he asked Williams if he was 21, and he replied that he was. Respondent described the manner in which Williams was dressed, and testified that he sold the beer in good faith, believing that Williams was 21 years of age, and that he (respondent) did not intend in the sale to sell to a minor.

The trial court held that the defense of good faith was not open to the respondent under the charge contained in the information. In its charge to the jury the court said:

"It was brought to my attention at the opening of the case by counsel for the respondent that he desired to interpose a defense here, which was deemed a defense prior to the law of 1909, under the old statute in the Compiled Laws known as section 5391, namely, that he did not intend to violate the law, that he supposed the boy was 21 that bought the liquor, and sold it to him under that supposition, without any intent to violate the law."

After stating that such defense would have been permitted under section 5391, the court further said:

"But, under the law that was passed in 1909, Act No. 160, there is no such provision in the law that the fact of the sale and his being shown to be a minor is *prima facie* evidence, but it cuts all of that out, and just simply says that it shall not be lawful for any person to sell, or furnish, or give to any minor, as a beverage, any brewed, malt, fermented, spirituous, vinous, or intoxicating liquors; and it appears to the court that it was the intention of the legislature, when it cut out that provision, which has been a part of the law for a great many years, to make the selling to a minor in every case a violation of the law, and that no matter whether he [the respondent] thought he was 21 or not, if it turned out that the boy was a

minor, that he made the sale at his peril. * * * I submit the case to you, and instruct you that it is your duty to bring a verdict of guilty, and I will ask you to step into the jury room, choose a foreman, and, if you coincide with the court's views, which it is your duty to do, you can return and the foreman announce the verdict."

Thereupon the jury retired, and, after being absent for a time, returned a verdict of guilty. The respondent has brought the case here for review, and the errors assigned raise the question whether the trial court erred in instructing the jury that they had no right to consider the good faith of the respondent in selling liquor to the minor, and that it was the intention of the legislature to make the selling to a minor in every case a violation of the law, whether the respondent thought the minor was 21 or not, and that all sales are made at respondent's peril.

It must be conceded that the legislation upon the subject is somewhat confusing, and it is not surprising that the learned trial court expressed some doubt as to its true interpretation. Act No. 160 of the Public Acts of 1909 is entitled:

"An act to prevent the selling, furnishing or giving of liquors to minors or to persons to whom the selling, furnishing or giving of liquors shall have been forbidden, and to provide a penalty therefor."

Section 2 is as follows:

"It shall not be lawful for any person to sell, furnish or give to any minor as a beverage any brewed, malt, fermented, spirituous, vinous or intoxicating liquor or any mixture containing any of said liquors."

The act was approved May 26, 1909. (2 How. Stat. [2d Ed.] § 5095.)

By act No. 291 the same legislature which enacted the above-named provision, by what is known as the "Warner-Cramton Act," amended the general statute regulating the liquor traffic in a number of its sec-

tions, and added five new sections. That act was approved June 2, 1909. It is significant that it did not amend or change section 5391, 2 Comp. Laws (2 How. Stat. [2d Ed.] § 5067). That section still retains the following clause:

"The fact of selling, giving, or furnishing any liquid in any place where intoxicating liquors are sold or kept for sale, to any minor, * * * shall be *prima facie* evidence of an intent on the part of the person so selling, giving, or furnishing such liquid, to violate the law."

In *People* v. *Thompson*, 161 Mich. 391, at page 394 (126 N. W. 466), in speaking of Act No. 160 of 1909, we said:

"There is no repealing clause in the act. It stands as an independent enactment. * * * We think that both provisions may stand, as not inconsistent.

"We have already shown that section 13 of the act of 1887 is left in full force by Act No. 291, Pub. Acts 1909, known as the Warner-Cramton act. * * * The Warner-Cramton act is therefore the later expression of the legislative will; and, if there is any inconsistency, the later act must govern."

It should be remembered that in 1904, in *People* v. *Bird,* 138 Mich. 31 (100 N. W. 1003, 67 L. R. A. 424, 110 Am. St. Rep. 299, 4 Am. & Eng. Ann. Cas. 1062), this court held that section 5391, 2 Comp. Laws (2 How. Stat. [2d Ed.] § 5067), prohibiting furnishing liquors to minors, has reference only to acts by persons engaged in the business of liquor selling. It would seem that the legislature of 1909, by Act No. 160, undertook to make it unlawful for "any person" to sell, furnish, or give to any minor any of the prohibited liquors as a beverage, thus rendering it unlawful for a person not engaged in the liquor business to sell, furnish, or give such liquors to a minor. It has not been supposed that Act No. 160 in any way changed or modified the law regulating the sale of liquors by a person engaged in the business of liquor

selling, and that such persons. were still within the provisions of section 5391, 2 Comp. Laws. We are of opinion that this is the correct view of the legislation. When it appears, therefore, in a given case, as it did in the instant case, that a respondent, charged with unlawfully furnishing liquor to a minor, is a dealer, under the general law regulating the liquor traffic, and it appears that such furnishing was in a "place where intoxicating liquors are sold or kept for sale," the question of good faith is involved, and the provisions of section 5391 apply. This view, we think, reconciles the statutes, and the decisions of this court, and renders the law a workable one. *Faulks* v. *People,* 39 Mich. 200 (33 Am. Rep. 374) ; *People* v. *Welch,* 71 Mich. 548 (39 N. W. 747, 1 L. R. A. 385) ; *People* v. *Hughes,* 86 Mich. 180 (48 N. W. 945) ; *People* v. *Bronner,* 145 Mich. 399 (108 N. W. 672). The cases of *People* v. *Longwell,* 120 Mich. 311 (79 N. W. 484) ; *People* v. *Curtis,* 129 Mich. 1 (87 N. W. 1040, 95 Am. St. Rep. 404) ; *Bailey* v. *Briggs,* 143 Mich. 303 (106 N. W. 863), and *People* v. *Sharrar,* 164 Mich. 267 (127 N. W. 801, 130 N. W. 69), deal with sales by druggists, and are controlled by another section of the statute (section 5381).

The case of *People* v. *Roby,* 52 Mich. 577 (18 N. W. 365, 50 Am. Rep. 270), had to do with a section of the then existing law similar to the present section 5395, 2 Comp. Laws (2 How. Stat. [2d Ed.] § 5071), requiring all saloons to be closed on Sunday, etc.; and it was held that that statute required the proprietor at his peril to keep the bar closed, and that the question of intent was not involved, because it was not an element of the offense.

We are constrained, therefore, to reverse the conviction in the court below, and to grant a new trial.

McALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.