PEOPLE v. DAMM.

1. CRIMINAL LAW—STATUTES—INTOXICATING LIQUORS—INTENT.

It is a general rule of criminal law that crime involves intent.

2. INTOXICATING LIQUORS — SALES — MASTER AND SERVANT—PRINCIPAL AND AGENT—MINORS—STUDENTS.

Proof of sales of intoxicating liquors to minors, intoxicated persons, etc., under 2 Comp. Laws, § 5391 (2 How. Stat. [2d Ed.] § 5067), is *prima facie* evidence of an intent to violate the statute. But sales of druggists are governed by a different rule (2 Comp. Laws,. § 5381, 2 How. Stat. [2d Ed.] § 5057), intent is not a necessary element of the offense. The requirement of law that ·the retail liquor dealer keep his bar closed on Sunday is in the same class of offenses. And section 5392 was intended to forbid the sale of liquor to students at any public or private institution of learning without reference to the intent of the seller. Under this section the dealer is punishable for the act of his servant in making an illegal sale.[1]

[1] As to the criminal liability for violation of liquor law by partner, servant, agent, etc., see notes in 41 L. R. A. · 660; 16 L. R. A. (N. S.) 786; 20 L. R. A. (N. S.) 321, and 33 L. R. A. (N. S.) 419.

3. SAME—CRIMINAL LAW.

A retail liquor dealer whose bartender sold liquor to a minor to be drunk on the premises was guilty of the offense prohibited by section 5392, 2 Comp. Laws (2 How. Stat. [2d Ed.] § 5068), and absence of any intention to commit a crime did not relieve him of the consequences of the criminal act of his servant.

4. SAME—CONSTITUTIONAL LAW—CLASS LEGISLATION.

The provisions of 2 Comp. Laws, § 5392, are not invalid on the ground that the. statute deprives the accused of privileges and immunities or is class legislation within the 14th amendment to the Federal Constitution.

5. CONSTITUTIONAL LAW—INTOXICATING LIQUORS.

It is not unconstitutional to forbid sales of intoxicating liquor to students at public or private institutions of learning, though the effect of the statute (2 Comp. Laws, § 5392) is to deprive others than minors of the right to purchase intoxicants.

6. SAME.

The exercise of the police power of the States is not affected by the 14th amendment.

Exceptions before sentence from Washtenaw; Kinne, J. Submitted November 5, 1914. (Docket No. 162.) Decided December 19, 1914.

Lawrence Damm was convicted of a violation of the liquor law (2 Comp. Laws, § 5392, 2 How. Stat. [2d Ed.] § 5068). Affirmed.

*George J. Burke,* Prosecuting Attorney, for the people.

*John P. Kirk,* for respondent.

OSTRANDER, J. Respondent, on November 17, 1913, was a retail liquor dealer in Ann Arbor. On that day three students in attendance at the university of Michigan were furnished by respondent's barkeeper with intoxicating liquor, which one of them paid for and which they drank in respondent's saloon. It is provided (2 Comp. Laws, § 5392), that:

"It shall not be lawful for any person by himself, his clerk or agent, to permit any student in attendance at any public or private institution of learning in this State, or any minor, to play at cards, dice, billiards or any game of chance, in any part of any building, in which spirituous liquors or intoxicating drinks are sold; nor shall it be lawful for any person, by himself, his clerk or agent, to sell or give to any student in attendance at any public or private institution of learning, in this State any spirituous or intoxicating drinks, except when prescribed by a regular physician for medicinal purposes; and any person who shall offend against either of the foregoing provisions of this section shall be deemed to have been guilty of a misdemeanor, and on conviction thereof shall be punished as provided in section seven of this act." (2 How. Stat. [2d Ed.] § 5068.)

Respondent was informed against for violation of this law and was convicted, the jury returning a verdict of "guilty," adding, "without knowledge or intent." Sentence was deferred and exceptions settled and, although a writ of error was sued out, it is made to appear that the trial court understood, and acted in conformity with the understanding, that a review on exceptions before sentence was desired, and counsel state that the issuing of the writ of error was an inadvertence. The people are content with the record, and the case will be considered as if no writ of error had issued.

The undisputed fact is that respondent was not present in his saloon when the liquor was sold, and it does not appear that his barkeeper knew that the young men who drank the liquor were students in attendance at the university. Respondent contends that the law should not be construed so as to make him responsible in this action for the conduct of his servant and, if such a construction is inevitable, that the law is unconstitutional. This contention was in various ways presented to the trial court.

It is unfortunate that the statutes relating to the

sale of liquors do not with more certainty express the legislative intention. It is a general rule of criminal law that crime involves intention. By 2 Comp. Laws, § 5391, sales of liquor to a minor, intoxicated person, person in the habit of becoming intoxicated, Indian, and posted person, by any person except a druggist, is forbidden, and the fact of selling is made *prima facie* evidence of an intent on the part of the seller to violate the law. The language employed in this section implies that intent is a necessary ingredient of the offense. And so we have held that the good faith of the seller may be shown and may acquit him of a charge made under this section. *People* v. *Parks*, 49 Mich. 333 (13 N. W. 618); *People* v. *Bronner*, 145 Mich. 399 (108 N. W. 672); *People* v. *Averill*, 179 Mich. 224 (146 N. W. 189). See, also, *People* v. *Thompson*, 161 Mich. 391 (126 N. W. 466). Turning to the law governing sales of liquor by druggists, 2 Comp. Laws, § 5381 (2 How. Stat. [2d Ed.] § 5057), it will be found that sales to minors and others by druggists is forbidden, but no mention is made of the intent of the seller. And it was held in *People* v. *Curtis*, 129 Mich. 1 (87 N. W. 1040, 95 Am. St. Rep. 404), that criminal intent, or intent to violate the statute, is not an ingredient of the offense, and that the druggist must ascertain at his peril that the sale is a lawful one. This ruling was followed in *People* v. *Sharrar*, 164 Mich. 267 (127 N. W. 801, 130 N. W. 693), and, in an action for damages, in *Bailey* v. *Briggs*, 143 Mich. 303 (106 N. W. 863). It had been previously held, in *People* v. *Roby*, 52 Mich. 577 (18 N. W. 365, 50 Am. Rep. 270) (see, also, *People* v. *Possing*, 137 Mich. 303 [100 N. W. 396]; *People* v. *Tolman*, 148 Mich. 305 [111 N. W. 772]), that a statute which required all saloons to be closed on Sunday and prescribed a punishment for any person who violated the statute, warranted the conviction of a saloon keeper whose clerk, without his knowledge or

consent, opened the saloon on Sunday morning to have it cleaned and meantime sold a drink to a casual customer. In *Faulks* v. *People,* 39 Mich. 200 (33 Am. Rep. 374), Mr. Chief Justice CAMPBELL said:

"The court held that it was no defense to a charge of selling intoxicating liquor to a minor that the seller had reason to believe and did believe him to be of age. This we think was clearly wrong. It cannot be assumed that the legislature would attempt such a wrong as to punish as criminal an act which involved no criminal intent. There can be no crime where there is no criminal mind."

Of *Faulks* v. *People* it was said in the *Roby Case,* 52 Mich. page 580 (18 N. W. 367, 50 Am. Rep. 270):

"It was held in *Faulks* v. *People,* 39 Mich. 200 [33 Am. Rep. 374], under a former statute, that one should not be convicted of the offense of selling liquors to a minor who had reason to believe and did believe he was of age; but I doubt if we ought so to hold under the statute of 1881, the purpose of which very plainly is, as I think, to compel every person who engages in the sale of intoxicating drinks to keep within the statute at his peril."

In *People* v. *Hughes,* 86 Mich. 180 (48 N. W. 945), respondent was charged with a violation of section 15 of the law, which makes it unlawful for any person to allow a minor to visit or remain in a room where liquors are sold or kept for sale, unless accompanied by his father or guardian. It appeared that the owner of the saloon was absent upon the occasion there in question, and it was held that the trial court was in error in holding that the proprietor was responsible for the failure of his agent to obey the law. In reaching this conclusion it was pointed out that other sections of the statute, including section 14, here involved, contained words showing an intention on the part of the legislature to make the saloon keeper responsible for the conduct of his agent, and that,

reading the various provisions of the law together, some effect must be given to the omission in section 15 of all reference to the clerks or agents of the proprietor. If this case may be treated as an exception, it is the only one since *People* v. *Roby* in which the statute has not been regarded by the court as a police regulation, imposing criminal penalties irrespective of the intent of the offender to violate the law, and regardless of whether the principal or his agent was the offender, except as the act itself makes intent a necessary element of the offense.

The language employed in section 14, which is the section here involved, imports the legislative purpose to make the respondent responsible for the acts of his servant and as, following previous decisions, he would have been liable if he had personally sold the liquor to these students (*People* v. *Longwell*, 120 Mich. 311 [79 N. W. 484] ; *People* v. *Curtis, supra; People* v. *Sharrar, supra*), he is liable for the particular sale although it was made by his servant in his absence. In other words, he must, at his peril, see to it that liquors are not sold in violation of this section of the law.

Given this meaning and effect, it is said the statute is repugnant to section 1 of article 14 of the Federal Constitution, and that it is class legislation. It is not pointed out that any particular privilege or immunity arising under the Federal Constitution, protected by the Constitution and common to citizens of the United States, is invaded. It is generally accepted doctrine that the exercise of the police power by the States is not affected by the fourteenth amendment

The statute forbids sales of liquor to any student in attendance at any public or private institution of learning in this State. It is said, in argument, and is true, that the effect of the legislation is to deny to adult students privileges enjoyed by other adult citizens, and to deny them during the school year rights

and privileges which they may enjoy during vacation. So citizens living in a local-option county may be, in the same way, stripped of privileges which are enjoyed by their neighbors in an adjoining county. A law which makes it improbable, if not impossible, that students shall patronize drinking places, is not so clearly beyond the police power that the courts may declare it invalid. It appears in the record before us that one of the young men to whom liquor was sold drank three or more times in respondent's saloon, and afterwards visited one or more other saloons. He was arrested the same evening, charged as a disorderly person. An investigation by the university authorities resulted in his being suspended for the balance of the year. It is possible that the reasons of discipline and morale which influenced the university authorities in the particular case affected the legislature in a general way, and induced the enactment of this preventive legislation.

The exceptions are overruled, and the court advised to proceed to judgment.

McALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.